UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-CV-22898-SEITZ
        (05-CR-20399-SEITZ)
MAGISTRATE JUDGE P. A. WHITE

RALPH CURRY,                   :

        Movant,                :

v.                             :

UNITED STATES OF AMERICA,      :

        Respondent.            :
_____

**REPORT OF MAGISTRATE JUDGE**
**RECOMMENDING MOTION TO VACATE BE GRANTED**
**IN LIGHT OF JOHNSON V. UNITED STATES**

I. Introduction

The Movant, who is currently confined at the Coleman Low
Federal Correctional Institution in Coleman, Florida, for
possession with intent to distribute cocaine and cocaine base,
using and carrying a firearm during and in relation to a drug
trafficking crime, and possession of a firearm and ammunition by a
convicted felon in case number 05-CR-20399-SEITZ. He filed a *pro se*
application in the Eleventh Circuit Court of Appeals to file a
second or successive motion to vacate pursuant to 28 U.S.C. § 2255,
seeking relief in light of the Supreme Court's ruling in Johnson v.
United States, 135 S.Ct. 2551 (2015). (Cv-DE# 1). The Eleventh
Circuit granted the Movant leave to file this second or successive
motion to vacate raising his Johnson claim. Id. The undersigned
appointed counsel to represent the Movant and ordered the parties
to brief whether Johnson applies to the Movant's case and, if so,
whether it affords him relief. (Cv-DE# 9).

1

This cause has been referred to the undersigned for consideration and report pursuant to 28 U.S.C. § 636(b)(1)(B),(C); S.D. Fla. Local Rule 1(f) governing Magistrate Judges; S.D. Fla. Admin. Order 2003-19; and Rules 8 and 10 Governing Section 2255 Cases in the United States District Courts.

Before the Court for review are the Amended motion to vacate and memorandum of law filed by appointed counsel (Cv-DE# 10, 11), the Government's response (Cv-DE# 12), counsel's reply (Cv-DE# 13), the Presentence Investigation Report ("PSI"), and all pertinent portions of the underlying criminal file.

## II. Claims

The Movant raises the following claim in his Section 2255 motion:

1. Burglary of a dwelling no longer qualifies as a crime of violence after <u>Johnson v. United States</u>, 135 S.Ct. 2551 (2015), and the Court may have improperly counted the Movant's three aggravated assault convictions as multiple offenses; therefore, the Movant only has two qualifying prior convictions rather than three as required by the Armed Career Criminal Act, and he may be eligible for immediate release.

(Cv-DE# 1).

## III. Procedural History

The relevant procedural history of the underlying criminal case is as follows. The Movant was indicted in case number 05-CR-20399-SEITZ for: Count (1), possession with intent to distribute cocaine base (21 U.S.C. § 841(a)(1), (b)(1)(C)); Count (2), possession with intent to distribute cocaine (21 U.S.C. § 841(a)(1), (b)(1)(C)); Count (3), using and carrying a firearm during and in relation to a drug trafficking crime (18 U.S.C. §

924(c)); and Count (4), possession of a firearm and ammunition by a convicted felon (18 U.S.C. § 922(g)(1)). (Cr-DE# 6). A jury found him guilty of all four counts. (Cr-DE# 51).

The PSI grouped Counts (1)-(3) and Count (4) was not grouped because the guideline sentence is the minimum term required by statute. (PSI ¶¶ 13, 14). The base offense level is twenty because the Movant committed the instant offense after sustaining a felony conviction of a crime of violence, case number 92-2096. (PSI ¶ 15). Two levels were added because a firearm was stolen or had an altered or obliterated serial number. (PSI ¶ 16). The adjusted offense level was therefore twenty-two. (PSI ¶ 20). The Movant is an armed career criminal under 18 U.S.C. § 924(e) pursuant to United States Guidelines Section 4B1.4(a), and therefore, the offense level is thirty-four. (PSI ¶ 21).

The PSI's criminal history section scored the following prior convictions: Georgia aggravated assault, case number 92-2096 (PSI ¶ 34); and Georgia theft by shoplifting, case number 0015455 (PSI ¶ 36). The PSI also included, *inter alia*, the following unscored prior convictions: Florida second-degree grand theft and burglary of a structure, case number F8426984 (PSI ¶ 25); Florida burglary of a dwelling and third-degree grand theft F8937895A (PSI ¶ 29); and Florida possession with intent to sell or purchase cocaine and sale, purchase or delivery of cocaine, case number F8942353 (PSI ¶ 30). The Movant had a subtotal of seven criminal history points, however, he is an armed career criminal based on case number 92-2096, and therefore his criminal history category is VI. (PSI ¶ 37).

The resulting guideline range was 262 to 327 months' imprisonment plus a mandatory sixty month consecutive term for

Count (3) (PSI ¶ 75), supervised release for at least six years for Counts (1) and (2), and at least three but less than five years for Counts (3) and (4) (PSI ¶ 77), and between $17,500 and $4,000,000 in fines. (PSI ¶ 81).

Neither party objected to the PSI. See (PSI addendum).

At the sentencing hearing, the Movant admitted everything "seem[ed] to be correct" in the PSI. (Cv-DE# 12-4 at 3). The Court sua sponte asked the Probation Officer to remove a four-level enhancement under 2K2.1(b)(5) because the other offenses in the instant case were drug trafficking offenses. Id. The Court stated the intention to sentence the Movant "at the lowest end of the guideline range" of 262-327 months' imprisonment. Id.

Defense counsel asked the Court to impose a below-guidelines sentence of twenty years' imprisonment based on Section 3553 factors, and the Movant addressed the Court. (Cv-DE# 12-4 at 4-8). The Government argued that the Movant should be sentenced at the low end of the guidelines. (Cv-DE# 12-4 at 9).

The Court noted that the Movant had not accepted responsibility but only accepted the circumstances and commitment to move forward in a positive light. (Cv-DE# 12-4 at 10). Despite counsel's eloquent argument, the Court found no grounds for varying or departing from the low end of the guidelines. Id. Further, the low end of the guidelines was sufficiently punitive to deter future criminal conduct and is reasonable given the Section 3553 factors. Id. Counsel objected that the sentence did not adequately reflect the 3553 factors. Id.

The Court sentenced the Movant to a total of 322 months'

imprisonment, comprised of 262 months as to Counts (1), (2), and (4), concurrent, and sixty months as to Count (3), consecutive, followed by a total of six years of supervised release. (Cr-DE# 56). The Movant filed a notice of appeal then moved to dismiss it with prejudice, which the Eleventh Circuit granted on March 27, 2006. See (Cr-DE# 71).

On October 12, 2012, the Movant filed a "Motion for Resentencing Instanter" in the criminal case which was opened as a Section 2255 motion to vacate civil case number 12-CV-24393-SEITZ, arguing that he was improperly sentenced under the Armed Career Criminal Act ("ACCA"). (Cr-DE# 75). The Court dismissed the Section 2255 motion to vacate as time-barred, the Eleventh Circuit Court of Appeals dismissed the appeal, and the United States Supreme Court denied certiorari on October 6, 2015. (12-24393 DE# 23, 34, 35).

On December 18, 2012, the Movant filed a motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 750 to the United States Sentencing Guidelines. (Cr-DE# 79). The Court denied relief on November 22, 2013, because the Movant was sentenced as an armed career criminal and therefore Amendment 750 did not lower his guideline range. (Cr-DE# 81).

On May 18, 2016, the Movant filed an application in the Eleventh Circuit Court of Appeals seeking leave to file a second or successive Section 2255 motion to vacate, case number 16-13231. See (Cr-DE# 87 at 10). The Eleventh Circuit granted leave on July 1, 2016, finding that the Movant made a *prima facie* showing under 28 U.S.C. § 2255(h) that he was sentenced, at least in part, on reliance on ACCA's residual clause that was voided by Johnson v. United States, 135 S.Ct. 2551 (2015). The Eleventh Circuit noted that it is possible that the Probation Officer counted the three

aggravated assault counts contained in the Georgia aggravated assault conviction as the three predicate offenses for ACCA purposes and, "[i]f so, this would be an error because the necessary predicate offenses must have been committed 'on occasions different from one another.'" (16-13231 Order at 4, n.1). Further, the Eleventh Circuit noted that it is unclear which of the Movant's prior offenses the Court relied upon when sentencing the Movant as an armed career criminal, and it is uncertain whether he has three predicate offenses to support an ACCA enhancement.

With regards to the Georgia aggravated assault (92-2096), the Eleventh Circuit noted that "[t]his Court has not yet addressed in a published opinion whether Georgia aggravated battery still counts as a violent felony after Johnson, but that at least one District Court in the circuit has held that it does." (Cv-DE# 1 at 6). Regarding the Florida sale, purchase or delivery of cocaine (F8942353), "[t]his appears to be a 'serious drug offense' within the meaning of § 924(e)(2)(A), as it is a second-degree felony punishable by a term of imprisonment of up to 15 years." Id. With regards to Florida grand theft (F8426984, F8937895A), the relevant statute "does not have as an element the use, attempted use, or threatened use of physical force against the person of another and is not listed as one of the enumerated crimes, and, thus, it would only qualify as a violent felony under the now-voided residual clause." Id. at 7. Finally, with regards to Florida burglaries (F8426984, F8937895A), the Eleventh Circuit "ha[s] determined that Florida burglary convictions can qualify as violent felonies under the enumerated-offenses clause of the ACCA, using the modified categorical approach. United States v. Weeks, 711 F.3d 1255, 1262-63 (11th Cir. 2013). However, Weeks was decided before Descamps, which held that courts may not rely on the modified categorical approach unless a statute is divisible. Descamps v. United States,

570 U.S. __, __, 133 S.Ct. 2276, 2281-82, 186 L.Ed.2d 438 (2013);
see also United States v. Lockett, 810 F.3d 1262, 1265 n.1 (11th
Cir. 2016) (noting that we have not yet decided whether Florida's
burglary statute is divisible)." Id. Further, the Eleventh Circuit
noted that it had decided in In re Thomas, 823 F.3d 1245 (11th Cir.
2016), that Descamps does not qualify as a new rule of
constitutional law for Section 2255(h)2) purposes "and, thus,
cannot serve as an independent basis for authorizing a second or
successive § 2255 motion." Id. "However, where the applicant is
raising a true Johnson claim, such as here where the district court
may have relied on the now-voided residual clause, it is unclear
what effect, if any, Descamps might have on the next step of the
Johnson analysis [after successiveness permission is granted] as to
whether a particular crime might still qualify under another ACCA
clause." Id. at 8.

     The Eleventh Circuit concluded that the Movant might only have
two qualifying ACCA predicate offenses after Johnson – the Georgia
aggravated assault conviction and the Florida drug conviction –
however, its threshold determination that the Movant made a *prima
facie* showing under Section 2255(h) to warrant granting his
successiveness application "does not conclusively resolve the
issue." Id.

## IV. Statute of Limitations
     The Respondent concedes that the instant Section 2255 motion
was timely filed. (Cv-DE# 12 at 7).

## V. Standard of Review
     Section 2255 authorizes a prisoner to move a sentencing court
to vacate, set aside, or correct a sentence where "the sentence was
imposed in violation of the Constitution or laws of the United

States, or ... the court was without jurisdiction to impose such sentence, or ... the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a); see Hill v. United States, 368 U.S. 424, 426-27 (1962). A sentence is "otherwise subject to collateral attack" if there is an error constituting a "fundamental defect which inherently results in a complete miscarriage of justice." United States v. Addonizio, 442 U.S. 178, 185 (1979); Hill, 368 U.S. at 428.

## VI. Discussion

The Movant argues that burglary of a dwelling no longer qualifies as a crime of violence after Johnson v. United States, 135 S.Ct. 2551 (2015), and the Court may have improperly counted the Movant's three aggravated assault convictions as multiple offenses. Therefore, the Movant only has two qualifying prior convictions rather than three as required by the Armed Career Criminal Act, and he may be eligible for immediate release.

The Eleventh Circuit found that the Movant made a *prima facie* showing under Section 2255(h) to warrant granting his successiveness application but this does not conclusively resolve the issue and this Court must conduct a *de novo* review. The Court must therefore determine whether the Movant has shown that his claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. § 2244(b)(2)(A). If not, the claim must be dismissed. 28 U.S.C. § 2244(b)(4).

The standard for conducting this review has not been settled by the Eleventh Circuit. In In re Moore, one panel suggested that a Movant can only satisfy his burden under Section 2255(h) by

"prov[ing] that he was sentenced using the residual clause and that the use of that clause made a difference in the sentence" and that "if the court cannot tell one way or another the district court must deny the § 2255 motion." 830 F.3d 1268, 1273 (11th Cir. 2016). However, a different panel in In re Chance described this approach as "quite wrong" and suggested that a Movant need only show that "§ 924(c) may no longer authorize his sentence as that statute stands after Johnson – not proof of what the judge said or thought at a decades-old sentencing." ___ F.3d ___, 2016 WL 4123844 at *5 (11th Cir. Aug. 2, 2016).

Which law governs the Johnson analysis is also unsettled. As the Eleventh Circuit noted in its Order in the instant case, "where the applicant is raising a true Johnson claim, such as here where the district court may have relied on the now-voided residual clause, it is unclear what effect, if any, Descamps[ v. United States, 133 S.Ct. 2276 (2013)] might have on the next step of the Johnson analysis [after successiveness permission is granted] as to whether a particular crime might still qualify under another ACCA clause." Id. at 8; see also In re Adams, 825 F.3d 1283, 1286 (11th Cir. 2016) (distinguishing a Descamps "standalone claim" from a true Johnson claim that requires the Court to "look to the text of the relevant statutes, including the ACCA, to determine which, if any ACCA clauses [the movant's] prior convictions fall under" and "[i]n fulfilling this duty, we should look to guiding precedent, such as Descamps, to ensure we apply the correct meaning of the ACCA's words."). The Chance panel noted that, "[i]n applying the categorical approach, it would make no sense for a district court to have to ignore precedent such as Descamps v. United States, ___ U.S. ___, 133 S.Ct. 2276, 186 L.Ed.2d 438 (2013), and Mathis v. United States, ___ U.S. ___, 136 S.Ct. 2243, ___ L.Ed.2d ___ (2016), which are the Supreme Court's binding interpretations of that

approach." 2016 WL 4123844 at *4. By contrast, other Eleventh
Circuit panels have opined that it is improper to consider <u>Descamps</u>
because it is not retroactive for purposes of a second or
successive Section 2255 motion and, therefore, <u>Johnson</u> cannot be
used as a "portal" to raise a <u>Descamps</u> claim, whether "independent
or otherwise." <u>In re Hires</u>, 825 F.3d 1297, 1303 (11th Cir. 2016)
(denying a successiveness application because the movant's prior
convictions qualified under ACCA's elements clause; noting that
"<u>Descamps</u> does not qualify as a new rule of constitutional law for
§ 2255(h)(2) purposes, and, thus, <u>Descamps</u> cannot serve as a basis,
independent or otherwise, for authorizing a second or successive §
2255 motion....").

The <u>Chance</u> panel further noted that both <u>Chance</u> and <u>Moore</u> are
only *dicta* and that District Court's review is *de novo*. 2016 WL
4123844 at *5; <u>see</u> <u>Jordan v. Sec'y, Dep't of Corr.</u>, 485 F.3d 1351
(11th Cir. 2007) (the district court is to decide the § 2244(b)(1)
& (2) issues fresh, or in the legal vernacular, *de novo*).

Florida's District Courts are divided regarding which approach
to follow in conducting their *de novo* review of <u>Johnson</u> cases, both
with regards to the movant's burden of proof and the controlling
law for analyzing a <u>Johnson</u> claim. <u>See</u>, <u>e.g.</u>, <u>Leonard v. United</u>
<u>States</u>, 2016 WL 4576040 at *4 (S.D. Fla. Aug. 22, 2016) (Altonaga,
D.J.) (following the approach outlined in <u>Chance</u> to conclude that
a movant "can sustain his section 2255 Motion if: (1) it is unclear
from the record which clause the sentencing court relief on in
applying the ACCA enhancement; and (2) in light of <u>Johnson</u>, [his]
prior convictions no longer qualify him for the ACCA sentencing
enhancement" based on the present state of the law including
<u>Descamps</u> and <u>Mathis</u>); <u>Leone v. United States</u>, __ F.Supp.3d __, 2016
WL 4479390 at *9 (S.D. Fla. Aug. 24, 2016) (Lenard, D.J.)

(following the approach outlined in Moore to conclude that a movant whose "Johnson claim is inextricably intertwined with Descamps and Mathis" failed to satisfy Section 2255(H) because, "[o]ther than the new rule made retroactive by the Supreme Court (i.e., Johnson), the Court must apply the law as it existed at the time of sentencing to determine whether the Movant's sentence was enhanced under the ACCA's residual clause").

The undersigned recommends following the approach suggested by the Chance panel on both the Movant's burden of proof and the law that is applicable to the Johnson analysis.

With regards to the burden of proof, it would be unfair to require Section 2255 movants to affirmatively prove that the sentencing court relied on ACCA's residual clause because "[n]othing in the law requires a judge to specify which clause of § 924(c) – residual or elements clause – it relied upon in imposing a sentence." Chance, 2016 WL 4123844 at *4. Further, even if a sentencing judge mentions the residual or elements clause, "it would not prove that the sentencing judge 'sentenced [the defendant] using the residual clause.'" Id. A compelling comparison can be drawn between claims of Johnson error and the error that results from a general verdict following unconstitutional jury instructions. See United States v. Winston, 2016 WL 4940211 (W.D. Va. Sept. 16, 2016). As the Supreme Court explained in that context:

> a general verdict must be set aside if the jury was instructed that it could rely on any of two or more independent grounds, and one of those grounds is insufficient, because the verdict may have rested exclusively on the insufficient ground. The cases in which this rule has been applied all involved general verdicts based on a record that left the reviewing court uncertain as to the actual ground on which the jury's

decision rested.

Zant v. Stephens, 462 U.S. 862, 881 (1983).

Under this theory, when it is unclear upon on which ACCA clause the sentencing judge rested a predicate conviction, the movant's burden is to show only that the sentencing judge *may* have used the residual clause. See Winston, 2016 WL 4940211 at *6. This procedure is subject to harmless error analysis in that the Government may show on the merits that the predicate offense fits within ACCA's force or enumerated clauses. Id.

With regards to the law governing a Johnson claim, the current state of the law, including cases such as Descamps and Mathis, should be applied to determine whether relief is warranted. It is undisputed that cases like Descamps are not retroactively applicable on collateral review because they are not substantive or watershed rules of procedure. See King v. United States, 610 Fed. Appx. 825 (11th Cir. 2015). Rather, Descamps "merely applied prior precedent to reaffirm that courts may not use the modified categorical approach to determine whether convictions under indivisible statutes are predicate ACCA violent felonies." Id. at 828. Settled rules, that is, rules dictated by precedent existing when a defendant's conviction became final, apply retroactively on collateral review. See Chaidez v. United States, __ U.S. __, 133 S.Ct. 1103, 1107 (2013) (unless a Teague exception applies, "[o]nly when [the Supreme Court] appl[ies] a settled rule may a person avail herself of the decision on collateral review."). This is so because it is the Supreme Court's duty to "say what a statute means, and once the Court has spoken, it is the duty of other courts to respect that understanding of the governing rule of law. A judicial construction of a statute is an authoritative statement of what the statute meant before as well as after the decision of

the case giving rise to that construction." <u>Rivers v. Road Express,</u> <u>Inc.</u>, 511 U.S. 298, 312-13 (1994). When the Supreme Court construes a statute, "it is explaining its understanding of what the statute has meant continuously since the date when it became law." <u>Id.</u> at 313 n. 12. <u>Descamps</u> applied settled rules of law and "the Court may therefore consider [movant's] defensive arguments about why his ... convictions never properly qualified as ACCA predicates under the enumerated or elements clauses." <u>Fugitt v. United States</u>, 2016 WL 5373121 at *3 (W.D. Wash. Sept. 26, 2016).

Several district courts have applied the current state of the law, rather than the law at the time of sentencing, to determine whether <u>Johnson</u> claims are meritorious. <u>See</u>, <u>e.g.</u>, <u>United States v.</u> <u>Harris</u>, 2016 WL 4539183 (M.D. Pa. Aug, 31, 2016) (in an initial Section 2255 motion, concluding that the movant can rely on current law to establish that his prior convictions do not qualify him for enhanced sentencing under the elements or enumerated offense clauses); <u>Smith v. United States</u>, 2015 WL 11117627 at *6 (E.D. Tenn. Nov. 24, 2016) (in an initial Section 2255 motion, applying Sixth Circuit case law from 2011, even though Defendant was sentenced in 2006, when assessing whether prior conviction fits within force clause). This approach has also been applied to successive Section 2255 motions. <u>See</u> <u>United States v. Ladwig</u>, __ F.Supp.3d __, 2016 WL 3619640 at *4-5 (E.D. Wash June 28, 2016) (explaining why, when faced with Government's argument that other ACCA clauses supported enhancement, courts should apply current precedent to those clauses, even to successive petitions that raise <u>Johnson</u> challenges); <u>see</u> <u>also</u> <u>United States v. Christian</u>, 2016 WL 4933037 (9th Cir. Sept. 16, 2016) (reversing denial of successive Section 2255 motion because, applying <u>Descamps</u>, the movant did not have a sufficient number of violent felonies to sustain an ACCA sentencing enhancement).

Therefore, in the instant case, the Movant should prevail on his Section 2255 motion if he shows that: (1) the sentencing court *may* have relied on ACCA's residual clause; and (2) in light of Johnson, his prior convictions no longer qualify him for the ACCA sentencing enhancement under an analysis based on the present state of the law including Descamps and Mathis. See Leonard, 2016 WL 4576040; see also Mack v. United States, 16-CV-23021-MARRA, DE# 17 (adopting the reasoning set forth in Chance, granting the Section 2255 motion, and granting immediate release).

The first inquiry before the Court, therefore, is whether the Movant has shown that the sentencing court *may* have relied on ACCA's residual clause in sentencing him. The Movant has satisfied his burden because it is unclear from the record which of ACCA's clauses the Court relied on in sentencing the Movant. The Court did not state at sentencing upon which clause it relied in applying the ACCA enhancement and this designation could well have been based on two Florida burglary convictions which were considered qualifying priors at the time. See (Cr-DE# 12-4). The Government has not shown that the ACCA error is harmless, but rather, merely argues that the Movant failed to satisfy the test set forth in Moore by affirmatively proving that the Court actually relied on ACCA's residual clause – a test that the undersigned and several courts around the country have found to be unfair. The Movant has therefore carried his burden of proving that he may have been sentenced under ACCA's residual clause.

The second inquiry is whether, in light of Johnson, the Movant's prior convictions no longer qualify him for the ACCA sentencing enhancement under an analysis based on the present state of the law.

14

The Armed Career Criminal Act ("ACCA") provides for enhanced sentencing for individuals who violated Section 922(g) and have "three previous convictions for a violent felony, serious drug offense, or both, committed on occasions different from one another...." 18 U.S.C. § 924(e)(1). ACCA defines "violent felonies" as any crime punishable by imprisonment for a term exceeding one year that:

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, **or otherwise involves conduct that presents a serious potential risk of physical injury to another**....

18 U.S.C. §  924(e)(1)(B) (emphasis added).

Subsection (e)(1)(B)(i) is known as the "elements clause," the first portion of subsection (e)(1)(B)(ii) is known as the "enumerated crimes clause," and the last portion of Section (B)(ii), in bold type above, is known as the "residual clause." On June 26, 2015, the United States Supreme Court held in <u>Johnson</u> that ACCA's residual clause is unconstitutionally vague. 135 S.Ct. at 2563. In other words, <u>Johnson</u> "narrowed the class of people who are eligible for" an increased sentence under ACCA. <u>In re Rivero</u>, 797 F.3d 986 (11th Cir. 2015)(citing <u>Bryant v. Warden, FCC Coleman-Medium</u>, 738 F.3d 1253, 1278 (11th Cir. 2013)). The Supreme Court expressly did not invalidate ACCA's elements clause or enumerated crimes clause. <u>Johnson</u>, 135 S.Ct. at 2563 ("Today's decision does not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony."). On April 18, 2016, the Supreme Court announced that <u>Johnson</u> is retroactively applicable to cases on

collateral review. <u>Welch v. United States</u>, 136 S.Ct. 1257 (2016).

The Movant's PSI includes prior convictions for: Georgia aggravated assault, case number 92-2096 (PSI ¶ 34); Florida second-degree grand theft and burglary of a structure, case number F8426984 (PSI ¶ 25); Florida burglary of a dwelling and third-degree grand theft F8937895A (PSI ¶ 29); and Florida possession with intent to sell or purchase cocaine and sale, purchase or delivery of cocaine, case number F8942353 (PSI ¶ 30).

The Respondent concedes there is "no question" that the convictions for Georgia aggravated assault (92-2096) and Florida purchase or delivery of cocaine (F8942353) "would still qualify as predicate ACCA offenses" after <u>Johnson</u>.[1] (Cv-DE# 12 at 13).

With regards to the Movant's two prior Florida burglaries (F8426984, F8937895A), the Respondent does not assert that they remain qualifying prior convictions after <u>Johnson</u> and does not substantively analyze the issue. <u>See</u> (Cv-DE# 12 at 13-15).

When the Movant's burglaries occurred in 1984 and 1989, the Florida Statutes defined "burglary" as entering or remaining in a **"structure <u>or</u> conveyance"** with the intent to commit an offense therein. § 810.02(1), Fla. Stat. (1976), (1983). Florida law defines **"structure,"** as a "building of any kind, either temporary or permanent, which has a roof over it, together with the curtilage

---

[1] The Respondent does not argue that the Movant procedurally defaulted his claim that the PSI counted the three counts in his Georgia aggravated assault case as three separate qualifying priors under ACCA and, therefore, has waived the issue. <u>See</u> <u>generally</u> <u>Bryant</u>, 738 F.3d at 1261 (procedural default is an affirmative defense that is subject to waiver by the government; the government's failure to assert procedural default as a defense to the petitioner's Section 2241 petition or attempt to proceed under Section 2255(e)'s savings clause and, "[b]y every reasoned measure, the government intentionally has waived any procedural default defense.").

thereof." § 810.011(1), Fla. Stat. (1976), (1982). By contrast, the definition of "**conveyance**" does not include a building at all, but rather means "any motor vehicle, ship, vessel, railroad car, trailer, aircraft, or sleeping car..." § 810.011(3), Fla. Stat. (1976), (1982).

Florida's burglary statute does not satisfy the ACCA's elements clause because it fails to "ha[ve] as an element the use, attempted use, or threatened use of physical force against the person of another." After <u>Johnson</u>, Florida's burglary statute also no longer qualifies as a violent felony under the now void for vagueness clause of the ACCA. Therefore, for the Movant's Florida burglary convictions to support an ACCA enhancement, they must qualify as predicate offenses under one of the ACCA's enumerated offenses.

Burglary is listed as an enumerated offense in the ACCA. <u>See</u> 18 U.S.C. § 924(e)(2)(B)(ii) (listing "burglary, arson, [and] extortion" as violent felonies). Thus, courts often must analyze the statute of conviction to determine whether the prior conviction was for generic burglary or something broader. The Supreme Court has developed two methods for determining whether a prior conviction meets the generic definition of burglary: the categorical approach and the modified categorical approach. <u>See</u> <u>Mathis</u>, 136 S.Ct. at 2243; <u>United States v. Howard</u>, 742 F.3d 1334, 1342 (11th Cir. 2014).

Under the categorical approach, Florida's burglary statute is not generic for various reasons. It includes "conveyances," as well as "structures," and the Supreme Court's definition of generic burglary includes only "buildings" and "structures," not "conveyances." <u>See</u> <u>Taylor v. United States</u>, 495 U.S. 575, 599

(1990). Also, the Florida burglary statute's definition of "structure" to include curtilage is broader than generic burglary. James v. United States, 550 U.S. 192, 212 (2007) ("We agree that the inclusion of curtilage takes Florida's underlying offense of burglary outside the definition of 'generic burglary' set forth in Taylor, which requires an unlawful entry into, or remaining in, 'a building or other structure.'"), overruled on other grounds by Johnson, 135 S.Ct. at 2551. Florida's burglary statute covers a broader range of conduct than the ACCA's generic burglary, and therefore, this "undisputed disparity resolves this case" because "a state crime cannot qualify as an ACCA predicate if its elements are broader than those of a listed generic offense." Mathis, 136 S.Ct. at 2251 (quoting Taylor, 495 U.S. at 602). This is "an elements-only inquiry" and there is no need to utilize the modified categorical approach to determine if the Florida burglary conviction qualifies as generic burglary under the ACCA. Id. at 2246 (where the statute is indivisible, review of Shepard approved documents is not authorized, and the "inquiry is over"); see also Descamps, 133 S.Ct. at 2292 (explaining that a defendant "is never convicted of the generic crime" where an "overbroad" indivisible statute is involved.). Therefore, in light of Mathis, Descamps and the pre-Johnson Supreme Court decisions, it is evident that Florida's burglary statute is not a violent felony under the ACCA's enumerated crimes clause.

Therefore, the Movant's prior Florida burglary convictions do not qualify as predicate offenses for purposes of the ACCA enhancement because Florida's burglary statute is overly broad and indivisible. See, e.g., Nichols v. United States, 2016 WL 5921780 (E.D. Tenn. Oct. 11, 2016) (concluding that the Florida burglary statute is indivisible and encompasses more conduct than generic burglary, and is capable of commission without the use of violent

physical force, so convictions under that statute cannot support an ACCA enhancement); Anthony v. United States, No. 16-CV-21426-ALTONAGA (S.D. Fla. June 10, 2016) (granting the motion to vacate, eliminating armed career criminal classification, and entering amended judgment releasing movant from incarceration in related criminal case); Harrell v. United States, Case No. 14-CV-61396-ZLOCH (S.D. Fla. Mar. 1, 2016); Bush v. United States, No. 15-CV-81271-DIMITROULEAS (S.D. Fla. Nov. 5, 2015) (granting motion to vacate and ordering release); Wheeler v. United States, 14-CV-80782-MIDDLEBROOKS (S.D. Fla. Aug. 11, 2015) (granting Section 2255 motion based on Johnson, finding it "undisputed that [movant's] prior three burglary convictions did not fall under the 'use of force' or the 'enumerated offense' clauses."); United States v. Dixon, No. 13-CR-20370-ALTONAGA (S.D. Fla. July 3, 2014)(finding post-Descamps that Florida's definition of burglary is overbroad and indivisible).

In conclusion, neither of the Movant's Florida burglary convictions qualifies as a predicate offense for purposes of the ACCA enhancement after Johnson. This leaves him with only two qualifying prior convictions and his Section 2255 motion to vacate should be granted. A new PSI should be prepared immediately and a resentencing hearing rescheduled to determine whether, as the Movant asserts, he is entitled to immediate release.

## VII. Evidentiary Hearing

The Movant's claim is meritorious and requires no factual development. Accordingly, no evidentiary hearing is warranted. See generally Peoples v. Campbell, 377 F.3d 1208 (11th Cir. 2004) (hearing is not required for frivolous claims, conclusory allegations unsupported by specifics, or contentions wholly unsupported by the record).

## VIII. Certificate of Appealability

Section 2255 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." 28 U.S.C. § 2255, Rule 11(a). A timely notice of appeal must be filed even if the court issues a certificate of appealability. 28 U.S.C. § 2255, Rule 11(b).

The undersigned has recommended that the motion to vacate be granted and finds no basis for granting a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483–84 (2000) (habeas petitioner must demonstrate reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues were adequate to deserve encouragement to proceed further). Therefore, it is recommended that the Court deny a certificate of appealability in its final order. If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the District Judge in objections to this report.

## IX. Conclusion

Based on the foregoing, it is recommended that the motion to vacate be GRANTED, that the sentence be vacated and the Movant be resentenced after a new PSI is prepared, that a certificate of appealability not be issued, and this case be closed.

Objections to this report, including any objection with regards to the recommendation regarding the certificate of appealability, may be filed with the District Judge within fourteen days of receipt of a copy of the report.

SIGNED this 14th day of October, 2016.

_____
UNITED STATES MAGISTRATE JUDGE

cc:  Randee J. Golder
     Randee J. Golder, P.A.
     PO Box 243756
     Boynton Beach, FL 33424-3756

     Lois A. Foster-Steers
     United States Attorney's Office
     99 NE 4 Street
     Miami, FL 33132