UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case Nos. 16-CV-22898-SEITZ/WHITE
05-CR-20399-SEITZ

RALPH CURRY,

    Movant,

v.

UNITED STATES OF AMERICA,

    Respondent.

_____/

## OPINION AND ORDER ADOPTING AND AFFIRMING MAGISTRATE'S REPORT, OVERRULING OBJECTIONS, AND GRANTING MOTION TO VACATE

THIS MATTER is before the Court on Judge White's Report [DE-14], which recommends granting Ralph Curry's 28 U.S.C. § 2255 motion [DE-10] and resentencing Curry without an Armed Career Criminal Act ("ACCA") enhancement, pursuant to *Johnson v. United States*, 135 S. Ct. 2551 (2015). The Government objects that Curry has not established that he was sentenced in reliance on the ACCA's residual clause held unconstitutional in *Johnson* and is therefore not entitled to relief [DE-15]. The Court has reviewed *de novo* the parties' submissions, the record, and the law and finds the Government's argument and the authority upon which it relies unpersuasive. Accordingly, the Court overrules the Government's Objections, affirms and adopts the Report, and grants Curry's Motion to vacate his ACCA-enhanced sentence. A resentencing hearing shall be held as ordered below.

**I.     BACKGROUND**

The procedural history is set out in the Report and is incorporated by reference. In relevant part, Curry was found guilty after a 2005 jury trial of possession with intent to distribute

cocaine base (Count 1) and cocaine (Count 2),[1] carrying a firearm during and in relation to a drug trafficking crime (Count 3), and felon in possession of a firearm (Count 4). The Criminal History section of Curry's Presentence Investigation Report ("PSI") included several prior convictions. Relevant felony convictions include one Florida conviction for possession with intent to distribute cocaine; one Florida conviction for burglary of a structure; one Florida conviction for burglary of a dwelling; two Florida convictions for grand theft; and three counts of conviction for Georgia aggravated assault which occurred on the same occasion.

The PSI also indicated that Curry qualified as an Armed Career Criminal under the ACCA.[2] The ACCA provides for enhanced penalties for violations of 18 U.S.C. § 922(g)—here, Curry's conviction for felon in possession of a firearm (Count 4)—where the defendant has three prior convictions for a serious drug offense or a crime of violence. 18 U.S.C. § 924(e). A "crime of violence" under the ACCA was defined at the time as any crime punishable by imprisonment for a term exceeding one year that: (1) has as an element the use, attempted use, or threatened use of physical force against the person of another; (2) is burglary, arson, or extortion, or involves use of explosives; or (3) otherwise involves conduct that presents a serious potential risk of physical injury to another. 18 U.S.C. § 924(e)(2)(B) (2005). These three clauses are known respectively as the "elements clause," the "enumerated clause," and the "residual clause." *Mays v. United States*, 817 F.3d 728, 730-31 (11th Cir. 2016).

At his November 9, 2005 sentencing, the Court designated Curry an Armed Career Criminal without specifying which prior convictions the Court relied on to reach that

---

[1] According to Curry's Presentencing Investigation Report, the offense conduct involved 3.3 grams of cocaine base ("crack") and 1.2 grams of powder cocaine [PSI ¶ 8].

[2] The only ACCA predicate cited in the PSI is the Georgia assault, Case No. 92-2096 [PSI ¶ 37]. However, the three counts of conviction from that case alone are insufficient because ACCA predicates must occur "on occasions different from one another." 18 U.S.C. § 924(e)(1).

determination.[3] The Court sentenced Curry to the bottom of the ACCA-enhanced sentencing guidelines of 262 months imprisonment for Counts 1, 2, and 4, and to the statutory minimum 60 months imprisonment, consecutive, for Count 3.[4] Thus, in total, Curry was sentenced to 322 months imprisonment.

On June 26, 2015, in *Johnson v. United States*, the U.S. Supreme Court held that imposing an ACCA-enhanced sentence in reliance on the residual clause is unconstitutional. *See* 135 S.Ct. 2551, 2563 (2015). The ACCA's elements and enumerated clauses remain valid. *Id.* On April 1, 2016, the Supreme Court held *Johnson* applies retroactively to cases on collateral review. *Welch v. United States*, 136 S.Ct. 1257, 1268 (2016).

Curry timely filed a *pro se* motion for leave from the Eleventh Circuit to pursue a second collateral appeal asserting he was entitled to relief pursuant to *Johnson* [DE-1].[5] On July 1, 2016, the Eleventh Circuit held that Curry made a *prima facie* showing that this Court may have relied on the now-voided residual clause in sentencing Curry to an enhanced ACCA sentence. *In re Ralph Curry*, Case No. 16-13221 (11th Cir. July 1, 2016). Accordingly, the Eleventh Circuit granted Curry leave to file a successive habeas petition pursuant to *Johnson* and 28 U.S.C. §2255(h). *Id.* This Court referred Curry's petitioner to Magistrate Judge White, who appointed counsel for Curry and received submissions from both parties regarding Curry's eligibility for relief pursuant to *Johnson* [DE-5]. Over Government opposition, Judge White found that Curry

---

[3] At sentencing, the parties and the Court discussed two of Curry's prior convictions—the 1992 assault and the 1989 drug conviction—in relation to the ACCA and 21 U.S.C. § 851 enhancements sought by the Government. Like the PSI, the Government identified only Case No. 92-2096 (the '92 assault) as an ACCA predicate [*05-CR-20399*-DE-64, p. 11:6-9]. However, at no point did the Court identify the convictions it relied on as ACCA predicates.

[4] That portion of the Report which says Count 4—not Count 3—was excluded from the PSI's "grouping" calculation because it carries a minimum consecutive statutory term [DE-14, p. 3] is incorrect and not incorporated or adopted.

[5] Curry's first § 2255 petition was denied as time-barred. *Curry v. United States*, Case No. 12-CV-24393, 2014 WL 2859113 (S.D. Fla. June 23, 2014).

met his burden to prove that he may have received an enhanced sentence under the ACCA in reliance on the now-voided residual clause and that, under current law, Curry no longer has sufficient predicates to qualify as an Armed Career Criminal [DE-14]. Accordingly, Judge White recommended resentencing Curry without the ACCA enhancement. *Id.* The Government timely filed Objections to the Report [DE-15].

## II. ANALYSIS

The record does not clearly indicate the three predicates the Court relied on to sentence Curry as an Armed Career Criminal. Thus, the record is also silent as to whether the Court relied on the elements, enumerated, or the now-voided residual clause. It is undisputed that two of Curry's prior convictions survive *Johnson* and still qualify as ACCA predicates: his conviction for Florida possession with intent to distribute cocaine remains a "serious drug offense" within the meaning of 18 U.S.C. § 924(e)(2)(A)(ii), and his convictions for Georgia aggravated assault remain an ACCA "crime of violence" under the elements clause. 18 U.S.C. § 924(e)(1)-(2)(B)(i); *Curry*, Case No. 16-13221, p. 5. In contrast, Curry's convictions for grand theft did not survive *Johnson* because they are not drug offenses, do not involve the use or threat of force, and are not enumerated felonies. *Curry*, p. 5-6. As a result, Curry's Florida burglary convictions remain the only possible third predicates—and the heart of the instant dispute.

### A. Standards

While there is no dispute that Curry, as the movant, has the burden under 28 U.S.C. § 2255(h), the applicable standard is unsettled. The Government contends the undisputed ambiguity of the record alone defeats Curry's claim because: (1) Curry cannot establish a "reasonable likelihood" that the sentencing Court relied on the residual clause "in fact," and (2)

Curry's burglary convictions qualified as "crimes of violence" under the enumerated clause as of his 2005 sentencing and he is not entitled to rely on subsequent precedent holding otherwise [DE-15]. In support of this exacting standard, the Government cites dicta from *In re Moore*, in which the Eleventh Circuit stated:

> [T]he district court cannot grant relief in a § 2255 proceeding unless the movant meets his burden of showing that he is entitled to relief, and in this context the movant cannot meet that burden unless he proves that he was sentenced using the residual clause and that the use of that clause made a difference in the sentence. If the district court cannot determine whether the residual clause was used in sentencing and affected the final sentence—if the court cannot tell one way or the other—the district court must deny the § 2255 motion.

830 F.3d 1268, 1273 (11th Cir. 2016); *see also Ziglar v. United States*, 2016 WL 4257773, at *1 (M.D. Ala. 2016) (denying successive *Johnson* petition pursuant to *Moore* approach).

A more recent Eleventh Circuit opinion, *In re Chance,* directly repudiates the dicta the Government relies on in *Moore*. 831 F.3d 1335, 1340 (11th Cir. 2016). While also dicta, the *Chance* panel states *Moore*'s approach is wrong because it imposes an unfair burden on movants and implies district courts should ignore recent Supreme Court decisions such as *Descamps v. United States*, 133 S.Ct. 2276 (2013), and *Mathis v. United States*, 136 S.Ct. 2243 (2016),[6] "unless the sentencing judge uttered the magic words 'residual clause.'" *Id.* at 1340-41.

The Court finds *Chance* persuasive and declines to follow *Moore*'s suggestion that successive petitioners must prove the Court relied upon the ACCA residual clause "in fact" at sentencing. *Moore*'s proposed standard is especially unjust because it essentially requires movants—mostly *pro se* prisoners—to prove a negative. *See Chance*, 831 F.3d at 1340-41 (noting before *Johnson* there was little reason for a judge to specify which clause—residual,

---

[6] *Descamps* and *Mathis* narrowed the circumstances in which courts can use the modified categorical approach to determine whether a prior conviction is a "generic" conviction which constitutes an ACCA "crime of violence" under the enumerated clause. *United States v. Esprit*, Case No. 14-13066, 2016 WL 6832926, at *2-3 (11th Cir. Nov. 21, 2016).

enumerated, or elements—was relied on in imposing an ACCA-enhanced sentence). Moreover, the Court finds untenable the Government's position that the Court should ignore current binding precedent and instead apply the law at Curry's 2005 sentencing to determine whether Curry's burglary convictions qualified as "crimes of violence" under the enumerated clause. *Id.* at 1340.

As the Eleventh Circuit pointed out, Curry raises "a true *Johnson* claim." *Curry*, p. 6-7 (differentiating Curry's claim from that of a successive petitioner impermissibly seeking relief pursuant to *Descamps* alone). Therefore, once Curry establishes that he may have been sentenced in violation of *Johnson*—a new rule of constitutional law made retroactive on collateral review in *Welch*—he is entitled to consideration on the underlying merits of his claim informed by recent U.S. Supreme Court opinions, including *Descamps* and *Mathis*. *See In re Rogers*, 825 F.3d 1335, 1339 (11th Cir. 2016) (holding that "courts must apply *Descamps* and other binding Supreme Court precedent in determining whether a prior conviction would still support an enhanced ACCA sentence" after *Johnson*); *In re Adams*, 825 F.3d 1283, 1285-86 (11th Cir. 2016) (applying *Descamps* retroactively to evaluate a successive *Johnson* claim); *but see In re Hires*, 825 F.3d 1297, 1303 (11th Cir. 2016) (holding that *Johnson* cannot serve as a portal to challenge ACCA predicates invalidated by *Descamps*). Any other approach would require this Court to apply stale precedent already declared mistaken by the nation's highest court.

Applying this approach, Curry is entitled to relief if he can establish by a preponderance of the evidence that: (1) the record does not refute his assertion that the sentencing Court may have relied on the residual clause in applying the ACCA enhancement, in violation of *Johnson*, and (2) under current binding precedent—including but not limited to *Johnson*, *Mathis*, and *Descamps*—his Florida burglary convictions no longer qualify as ACCA "crimes of violence."

*See Leonard v. United States*, 2016 WL 4576040, at *3 (S.D. Fla. Aug. 22. 2016) (applying similar test in granting successive *Johnson*-based petition); *Simmons v. United States*, 2016 WL 4536092, at *1 (S.D. Fla. Aug. 31, 2016) (same).[7]

B. Application

The record's undisputed ambiguity is sufficient for Curry to meet the first prong of his burden pursuant to *Chance*. Nothing in the record refutes Curry's assertion that the sentencing Court may have relied on the residual clause in applying the ACCA enhancement, in violation of *Johnson*.[8] As to the second prong, the Government in this case declined to posit whether Curry's Florida burglary convictions remain ACCA "crimes of violence" under current binding precedent. Nor did the Government object to Judge White's conclusion that Florida burglary is no longer an ACCA "crime of violence" pursuant to *Mathis, Johnson* and *Descamps* [DE-14, p. 18-19 (collecting cases)]. More importantly, the Government recently conceded in another case

---

[7] A literal reading of § 2255(h) requires only that a successive petition contain a previously unavailable rule of constitutional law, made retroactive to cases on collateral appeal. 28 U.S.C. § 2255(h). However, in practice appellate courts often conduct an expansive review of a successive *Johnson* petition's prospective underlying merits prior to granting or denying leave to file. *See In re McCall*, 826 F.3d 1308, 1311 (11th Cir. 2016) (Martin, J., concurring). As a result, the practical difference between appellate consideration of a *prima facie* § 2255(h) claim and the district court's determination that a successive petition satisfies § 2255(h) and is entitled to relief on the merits is a question of degree. Therefore, the appellate standards for assessing whether a successive petition should be granted leave are instructive—but not definitive—in the district court as well. *Cf. Rogers*, 825 F.3d at 1338-39 (describing clear/unclear test under §2255(h)).

[8] Though the Government asserted that the Court should consider, "any controlling precedent holding that a particular offense satisfied a particular definitional clause in the ACCA at the time of movant's sentencing" [DE-15, p.7], the Government also declined to cite or apply any such precedent. This omission is telling. Long-standing precedent at the time of Curry's 2005 sentencing held that the Florida burglary statute encompassed both generic and non-generic burglary. *United States v. Adams*, 91 F.3d 114, 115 (11th Cir. 1996). Sentencing courts seeking to apply an ACCA enhancement under the enumerated clause were required to articulate a record basis for finding that a prior burglary conviction under a non-generic statute constituted "generic" burglary. *United States v. Miles*, 290 F.3d 1341, 1347 (11th Cir. 2002). Where the sentencing court failed to make such a finding, however, ACCA enhancements predicated on prior Florida burglary convictions were upheld under the residual clause. *United States v. Matthews*, 466 F.3d 1271, 1276 (11th Cir. 2006) (affirming 2005 ACCA sentence despite district court's silence as to whether defendant's third degree Florida burglary conviction constituted "generic" burglary on basis that conviction was a crime of violence under the residual clause). While the record's ambiguity is sufficient pursuant to *Chance*, the law at the time of sentencing suggests there is also a reasonable likelihood that Curry's ACCA sentence was "in fact" based on the residual clause.

from this District that Florida burglary convictions are no longer ACCA "crimes of violence" pursuant to *Mathis*, *Johnson* and *Descamps*—and the Eleventh Circuit agreed. *United States v. Esprit*, 2016 WL 6832926, at *3-4 (11th Cir. November 21, 2016) (holding that Florida burglary convictions are categorically not ACCA "crimes of violence"). Because neither of Curry's Florida burglary convictions remain ACCA "crimes of violence," Curry no longer has sufficient predicates to qualify as an Armed Career Criminal.

## III.  CONCLUSION

Upon *de novo* review the Court finds Judge White's factual findings not clearly erroneous and his legal conclusions consistent with the proper application of the law to those facts. Accordingly, the Court adopts and affirms the Report and, pursuant to the analysis in this Order, overrules the Government's Objections. Curry has met his burden under § 2255(h) and furthermore established that he is entitled to be resentenced without the ACCA enhancement pursuant to *Johnson*.

Neither party objected to Judge White's recommendation that a Certificate of Appealability be denied, despite the opportunity to do so [DE-14, p. 20]. Curry's motion to vacate will be granted, correcting the constitutional error established therein and leaving Curry unable to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Therefore it is hereby

    ORDERED that

1) The Report of Magistrate Judge White [DE-14] is ADOPTED and AFFIRMED and incorporated as referenced by this Order.

2) The Government's Objections [DE-15] are OVERRULED.

3) Curry's Amended Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 18 U.S.C. § 2255 [DE-10] is GRANTED.

4)      A certificate of appealability is DENIED.

5)      This civil case is CLOSED; all further proceedings shall be filed under the corresponding criminal case no. 05-CR-20399.

6)      The U.S. Probation Office shall prepare a revised Presentence Investigation Report re-calculating Curry's sentencing guidelines in light of this Order.

7)      The Court shall resentence Movant Curry on **December 21, 2016 at 10:00 a.m.**, following which an amended judgment will be entered in the criminal case.

DONE AND ORDERED in Miami, Florida, this 30th day of November, 2016.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc:      Magistrate Judge White
        Counsel of Record
        U.S. Probation Office