**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 16-CV-22898-PAS**
**(05-CR-20399-PAS)**

| | |
|---|---|
| **RALPH CURRY** | ) |
| | ) |
|     **Movant,** | ) |
| | ) |
| **v.** | ) |
| | ) |
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
|     **Respondent.** | ) |
| _____ | ) |

**UNITED STATES' RESPONSE IN OPPOSITION**
**TO MOVANT'S MOTION FOR RELIEF FROM MANDATE**

Pursuant to this Court's order requiring a government response to Curry's "Motion for Relief from Mandate," the government files this response opposing his request.  As detailed below, after a series of unsuccessful efforts to undo the Eleventh Circuit's mandate to dismiss his second or successive 28 U.S.C. § 2255 motion, Curry now asks this Court to openly defy that mandate, to "make evidentiary findings" wholly beyond that mandate, and to "reimpose" a judgment the entire basis of which has been reversed by a supervisory court.  This Court should not be "misled into that kind of error."  *Winn-Dixie Stores, Inc. v. Dolgencorp, LLC*, 881 F.3d 835, 839 (11th Cir. 2018).  There is no applicable exception to the mandate rule that would allow this Court to deviate from the Eleventh Circuit's mandate, even if it perceives that mandate to be misguided.  *Litman v. Massachusetts Mut. Life Ins. Co.*, 825 F.2d 1506, 1509 (11th Cir. 1987) ("'[A] precedent of this Court must be followed by the lower federal courts no matter how misguided the judges of those courts may think it to be.'" (quoting *Hutto v. Davis*, 454 U.S. 3670, 375 (1982)).  All that remains

is for this Court to carry out the Eleventh Circuit's order—dismiss Curry's second or successive 28 U.S.C. § 2255 motion and reinstate his original judgment.[1]

## I. Procedural History

On March 2, 2018, pursuant to its binding precedent in *Beeman v. United States*, 871 F.3d 1215, 1221-25 & n.5 (11th Cir. 2017), *cert. denied*, No. 18-6385, 2019 WL 659904 (U.S. Feb. 19, 2019), the Eleventh Circuit reversed the order granting Curry's second or successive 28 U.S.C. § 2255 motion and "remanded for the District Court to dismiss it." *Curry v. United States*, 714 F. App'x 968, 969 (11th Cir. 2018), *cert. denied*, No. 18-229, 2019 WL 113097 (U.S. Jan. 7, 2019). The Eleventh Circuit explained that, under *Beeman*, a § 2255 movant raising a *Johnson* claim "must establish that the residual clause actually adversely affected the sentence he received," which he can do by "show[ing] that the sentencing court relied *solely* on the residual clause to qualify a prior conviction as a violent felony." *Curry*, 714 F. App'x at 969 (internal quotation marks omitted and emphasis added). The Eleventh Circuit then applied *Beeman* to Curry's claim, concluding that "the District Court erred by granting Curry's § 2255 motion because Curry concedes that the record was unclear regarding which convictions, and which clause of the ACCA, the sentencing court relied on to impose the ACCA enhancement." *Curry*, 714 F. App'x at 969; *see also id.* (noting that this Court "rested its decision to vacate Curry's sentence on *In re Chance* … not proof of what the judge said or thought at a decades-old sentencing."); *Beeman*, 871 F.3d at 1225 ("Where, as here, the evidence does not clearly explain what happened the party with the burden loses." (internal quotation marks omitted)).

---

[1] "CVDE" references correspond to docket entries in the instant civil habeas case, *see* Case No. 16-CV-22898-PAS, and "CRDE" references correspond to docket entries in Curry's underlying criminal case, *see* Case No. 05-CR-20399-PAS.

After the Eleventh Circuit issued its decision, this Court entered a *sua sponte* "Notice to Parties," stating essentially that, at the time of Curry's sentencing in November 2005, its default practice in Curry's case and in other similar cases was to resort to the residual clause in classifying prior convictions as "violent felon[ies]" rather than assess whether the crime at issue satisfied the enumerated form of the offense in 18 U.S.C. § 924(e)(2)(B)(ii) (CVDE:24).  This Court also conveyed its position that requiring Curry to complete his sentence would constitute a "manifest injustice" (CVDE:24).

On the basis of this Court's "Notice to Parties," Curry filed a petition with the Eleventh Circuit requesting rehearing by the panel, or alternatively, rehearing *en banc*.  *See* Petition for Rehearing (Apr. 13, 2018).  In that petition, Curry relied heavily on this Court's Notice, urging the Eleventh Circuit to "allow and recognize" the Notice, *id.* at 10, and asking for a remand to this Court to make "further findings" rather than to dismiss his motion, *id.* at 7.

The Eleventh Circuit denied Curry's rehearing petition, after which he filed a petition for certiorari with the Supreme Court.  In his certiorari request, Curry continued to invoke this Court's Notice, again requesting a remand for further proceedings in the district court.  *See* S. Ct. No. 18-229 (petition for certiorari and reply to government's memorandum in opposition).

On January 7, 2019, the Supreme Court denied Curry's petition for certiorari, and two days later, the Eleventh Circuit issued its mandate in Curry's appeal.  In compliance with that mandate, the government filed a proposed order with this Court requesting dismissal of Curry's 28 U.S.C. § 2255 motion (CVDE 10 & CVDE 11); vacatur of the amended judgment on which the now-

reversed grant of his 28 U.S.C. § 2255 motion was based (CRDE 96); and reinstatement of Curry's original judgment dated November 15, 2005 (CRDE 56).[2]

On April 1, 2019, Curry filed the instant "Motion for Relief from Mandate," to which the government was ordered to respond.

## II. Argument

### A. Legal Principles Governing the Mandate Rule

The Eleventh Circuit repeatedly has reaffirmed the strength and importance of the mandate rule as an integral part of the federal judicial system. *See Litman*, 825 F.2d at 1508-11. Most recently in *Winn-Dixie Stores, Inc.*, the Eleventh Circuit highlighted in powerful terms the importance of adhering to the mandate rule:

> The mandate rule is a specific application of the law of the case doctrine which provides that subsequent courts are bound by any findings of fact or conclusions of law made by the court of appeals in a prior appeal of the same case. *The law of the case doctrine and the mandate rule ban courts from revisiting matters decided expressly or by necessary implication in an earlier appeal of the same case.* It has its greatest force when a case is on remand to the district court. *When an appellate court issues a clear and precise mandate, the district court is obligated to follow the instruction. Neither the district court nor any party is free to ignore the law of the case. A district court when acting under an appellate court's mandate, cannot vary it, or examine it for any other purpose than execution; or give any other or further relief; or review it, even for apparent error, upon a matter decided on appeal; or intermeddle with it, further than to settle so much as has been remanded.*
>
> Needless to say (or maybe not), a district court cannot amend, alter, or refuse to apply an appellate court's mandate simply because an attorney persuades the court that the decision giving rise to the mandate is wrong, misguided, or unjust. A district court can, of course, wax eloquent about how wrong the appellate court is, but after the waxing wanes the mandate must be followed.

---

[2] References to "CVDE" correspond to docket entries in Curry's civil § 2255 case (16-CV-22898), and references to "CRDE" correspond to docket entries in his underlying criminal case (05-CR-20399).

881 F.3d at 843-44 (internal quotation marks, citations, and ellipses omitted, and emphasis added); *see also Litman*, 825 F.2d at 1510-16 (citing *In re Sanford Fork & Tool Co.*, 160 U.S. 247, 255 (1895); *Cox Enterprises, Inc. v. News-Journal Corp.*, 794 F.3d 1259, 1271 (11th Cir. 2015); *United States v. Tamayo*, 80 F.3d 1514, 1520 (11th Cir. 1996).

In keeping with the weight of the mandate rule, the Eleventh Circuit has recognized only three narrow exceptions to its application: (1) a later trial produces substantially different evidence; (2) controlling authority has since made a contrary decision of law applicable to that issue; and (3) the prior appellate decision was clearly erroneous and, if implemented, would result in a manifest injustice. *See United States v. Amedeo*, 487 F.3d 823 (11th Cir. 2007). These exceptions must be read and applied narrowly, the Eleventh Circuit has cautioned, such that district courts "should follow the law of the case as decided by the appellate court unless the court is *certain* that one of the three [exceptions] *specifically and unquestionably* applies." *Leggett v. Badger*, 798 F.2d 1387, 1389 n.2 (11th Cir. 1986) (emphasis added).

Curry invokes the second and third of these exceptions, and so we elucidate the applicable legal standards for those exceptions in more detail.

As to the "controlling authority" exception, the Eleventh Circuit has made clear that, in order for a district court to defy a mandate on the basis of an intervening decision, the new authority actually and unmistakably must *require* and *dictate* a different result, effectively *reversing* the prior appellate decision. *See Leggett*, 798 F.2d at 1389 (crystallizing the inquiry as whether the intervening authority categorically "*required* a contrary result" (emphases added)); *United States v. White*, 846 F.2d 678, 686 (11th Cir. 1988) (refusing to apply the "controlling authority" exception, because the intervening authority did not "*specifically and unquestionably apply*" (internal quotation marks omitted and emphasis added); *United States v. Armas*, 748 F. App'x 964,

5

966 (11th Cir. 2018) ("Armas does not argue that there is new controlling authority that *reverses* our previous decision.") (emphasis added); *United States v. Irey*, 458 F. App'x 854, 856 (11th Cir. 2012) ("The Supreme Court's *Pepper* decision, however, was not an intervening change in controlling law *that required or permitted* the district court to deviate from this Court's mandate….") (emphasis added).   In other words, only in the limited and unusual circumstance where an intervening authority is categorically at odds with a prior appellate decision can a district court deviate from a supervisory court's mandate.

To the government's knowledge, the "controlling authority" exception has been used successfully only twice in the Eleventh Circuit to authorize deviation from a mandate, and in both instances, the intervening authority collided unconditionally with the prior appellate decision such that the district court on remand was required to act contrary to the mandate.

In *Amedeo*, for example, the intervening case was the Supreme Court's ground-breaking decision in *United States v. Booker*, 543 U.S. 2230 (2005), which upended the entire Sentencing Guidelines system, converted it to an advisory system only, and directed district courts to impose a reasonable sentence in light of all the statutory factors in 18 U.S.C. § 3553(a).   *Amedeo*, 487 F.3d at 828.  For that reason, when the district court in *Amedeo* received the case on remand from the Eleventh Circuit, it was *required* under *Booker* to consider *all* of the relevant facts in light of the § 3553(a) factors, even though the Eleventh Circuit, in its previous decision, had deemed a portion of those facts insufficient to warrant certain upward departures.  *Id*.

In *Leggett*, a 42 U.S.C. § 1983 case, the Eleventh Circuit had determined that attorney's fees could not be assessed against a prison official unless the corresponding government entity (despite not being held liable) was joined as a party in the litigation, and so the Eleventh Circuit directed the district court on remand to join the government entity for purposes of the attorney's

fees determination. 798 F.2d at 1388-89. After the Eleventh Circuit issued its mandate in *Leggett*, however, the Supreme Court held that a § 1983 suit against a government official could not lead to imposition of fee liability upon a government entity if that government entity was not also found liable. *Id.* at 166 (referring to *Kentucky v. Graham*, 473 U.S. 159 (1985)). Because of that sweeping holding, which could not be distinguished from the circumstances in the *Leggett* case, the district court on remand had no choice but to decline to enforce the Eleventh Circuit's mandate. 798 F.2d at 1390-91 & n.3 (explaining that *Graham*'s language was "categorical and blunt," leaving no room to distinguish it from the fee-liability issue presented in *Leggett*). Indeed, had it enforced the mandate, it would have run headlong into the Supreme Court's holding, which obviously it could not do.

Likewise, as the Eleventh Circuit has observed, the "clear error" exception to the mandate rule "must be rarely invoked," which is why it applies "*only* when the legal error *is beyond the scope of reasonable debate*." *Cox Enterprises, Inc.*, 794 F.3d at 1272 (emphasis added). That is a "high bar," the Eleventh Circuit has cautioned, subject to an "exacting standard." *Id.*; *see also id.* ("Needless to say, this is a high bar. We emphasize that our inquiry is focused on whether the prior panel's decision was so clearly erroneous that we cannot construe it as a reasoned outcome."). And Curry does not cite a single case in his "Motion for Relief from Mandate" where the "clear error" exception has been invoked to authorize deviation from a mandate.

### B. Curry's Motion for Relief from Mandate

Against this backdrop, we turn to Curry's arguments in support of his "Motion for Relief from Mandate."

7

### i. The "controlling authority" exception to the mandate rule does not apply.

First, Curry contends that the "controlling authority" exception to the mandate rule applies, pointing to the Eleventh Circuit's decision in *United States v. Pickett*, 916 F.3d 960 (11th Cir. 2019), as purported "contrary" authority. He is mistaken. *Pickett* neither dictates a contrary decision in Curry's appeal nor provides this Court with any basis to countermand the Eleventh Circuit's order to dismiss Curry's § 2255 motion.

In *Pickett*, a *Johnson* § 2255 case, "the basic argument on appeal [wa]s about the state of the law in February 2007 when the ACCA enhancement was applied to Pickett's sentence." 916 F.3d at 964. The prior convictions at issue were Florida battery on a law enforcement officer and Florida battery on a pregnant woman. *Id*. The government argued that Eleventh Circuit law at the time of Pickett's sentencing (February 2007) established that Florida battery on a law enforcement officer and Florida battery on a pregnant woman easily could have been classified as a violent felony under the ACCA's elements clause, which *Johnson* did not affect. *Id.* at 965-66 (referring to *United States v. Glover*, 431 F.3d 744 (11th Cir. 2005)). By contrast, Pickett argued that any elements-clause discussion in Eleventh Circuit law as related to his prior convictions amounted to dicta only, and hence there was nothing in the legal landscape at the time of his February 2007 sentencing that would have grounded his prior convictions definitively in the elements clause. Faced with the parties' competing versions of the legal landscape, the Eleventh Circuit ultimately sided with Pickett, concluding that nothing in the law at the time of sentencing gave "any firm answers" about whether the sentencing court had relied on the residual clause or the elements clause in classifying his prior battery convictions as violent felonies. *Pickett*, 916 F.3d at 966. And so, "[f]aced with th[at] uncertain precedential landscape," the Eleventh Circuit concluded that

8

a remand was warranted so that the district court could evaluate in the first instance what likely happened in 2007. *Id.*

Contrary to Curry's suggestions, nothing about *Pickett* dictates a reversal of the mandate in his appeal or otherwise gives this Court license to make evidentiary "findings" in contravention of the Eleventh Circuit's mandate. Most critically, Curry portrays the *Pickett* decision as establishing an across-the-board rule requiring a remand to the district court every time a *Johnson* movant, in a so-called "silent record case," filed his § 2255 motion prior to the issuance of *Beeman* and thereafter requests a remand to prove *Johnson* error (Mot. at 1, 5). But *Pickett* establishes no such broad directive. To the contrary, all *Pickett* does is remand a particular case to the district court because the legal landscape at the time of sentencing *in that case* did not indicate what clause the district court had used to classify the convictions at issue as violent felonies in February 2007. *Pickett* does not, as Curry suggests, mandate a remand in every "silent record" *Johnson* case where *Beeman* postdated the district court ligation. After all, in addition to Curry's case, the Eleventh Circuit has denied *Johnson* relief in many such cases *without* remanding to the district court,[3] and it is preposterous to suggest that *Pickett* somehow silently abrogated those cases or undid the mandates in those cases without saying it was taking such drastic action.

---

[3] *See, e.g., Frey v. United States*, 752 F. App'x 878 (11th Cir. 2018), *cert. denied*, No. 18-7586, 2019 WL 342873 (U.S. Mar. 18, 2019); *Robertson v. United States*, 749 F. App'x 914 (11th Cir. 2018); *Bivins v. United States*, 747 F. App'x 765 (11th Cir. 2018), *cert. denied*, 139 S. Ct. 856 (2019); *Harper v. United States*, 742 F. App'x 445 (11th Cir. 2018), *cert. denied*, 2018 WL 5085502 (U.S. Nov. 19, 2018); *Daniel v. United States*, 738 F. App'x 669 (11th Cir. 2018); *Harris v. United States*, 737 F. App'x 974 (11th Cir. 2018), *cert. denied*, No. 18-6936, 2019 WL 1428972 (U.S. Apr. 1, 2019); *Johnson v. United States*, 735 F. App'x 1007 (11th Cir. 2018); *Butler v. United States*, 736 F. App'x 778 (11th Cir. 2018); *Perez v. United States*, 730 F. App'x 804 (11th Cir. 2018), *cert. denied*, 139 S. Ct. 323 (Oct. 9, 2018); *Prutting v. United States*, 723 F. App'x 886 (11th Cir. 2018), *cert. denied*, 2019 WL 113218 (U.S. Jan. 7, 2019).

The bottom line is that for the narrow "controlling authority" exception to apply, there must be a direct conflict between the intervening authority and the prior appellate decision. Here, by contrast, there is nothing irreconcilable about the decision in *Pickett* to remand based on the particulars of the legal landscape as it applied in that case and the mandate in this case to dismiss Curry's § 2255 motion. Indeed, *Pickett* applies *Beeman* in the context of *different* prior convictions (Florida battery on a law enforcement officer and battery on a pregnant woman); at a *different* point in the "historical-fact" inquiry (February 2007); with an entirely *different* legal landscape than what Curry's case entails (Florida burglary as of November 2005). More specifically, in Curry's case, as he conceded in his brief on appeal, there is nothing in the original sentencing record to suggest that this Court relied solely on the residual clause to classify his prior burglary convictions as violent felonies, and indeed, Curry never attempted to show in his brief that his ACCA sentence turned necessarily on the residual clause in November 2005. All he said was that he should not be required to meet that historical burden because it was unfair, but he did not prevail in that argument. And so all the Eleventh Circuit did in his appeal—as it has done in at least three other similar Florida burglary/*Beeman* cases of which the government is aware[4]— was simply apply its binding precedent in *Beeman*. Nothing in *Pickett* reverses that decision or gives this Court authority to deviate from it.

Of course, after the Eleventh Circuit issued its decision ordering the dismissal of his motion, Curry attempted to persuade the Eleventh Circuit to give him another opportunity to

---

[4] *Perez v. United States*, 730 F. App'x 804 (11th Cir. 2018), *cert. denied*, 139 S. Ct. 323 (Oct. 9, 2018) (affirming denial of § 2255 motion because then-prevailing Eleventh Circuit law at the time of the original sentencing gave the district court ample basis to rely on the enumerated-offense clause rather than the residual clause in classifying Florida burglary as a violent felony); *Leone v. United States*, 11th Cir. No. 17-10606 (vacating COA in *Johnson* appeal based on Florida burglary); *King v. United States*, 11th Cir. No. 17-11506-J (dismissing *Johnson* appeal based on Florida burglary).

present his case, citing this Court's *sua sponte* "Notice to Parties," and he persisted in that request before the Supreme Court. But the Eleventh Circuit denied his petition for rehearing, and the Supreme Court thereafter denied any further review. In other words, both the Eleventh Circuit and the Supreme Court have declined to take up his invitation to re-do this case or to "allow" after-the-fact "findings."

Accordingly, at this juncture, there is nothing left to do but to execute the Eleventh Circuit's order to dismiss Curry's § 2255 motion and to reinstate his original judgment. Anything less would constitute a plain deviation from a supervisory court's mandatory order. *See, e.g.*, *Winn-Dixie Stores, Inc.*, 881 F.3d at 843 ("A district court when acting under an appellate court's mandate, cannot vary it, or examine it for any other purpose than execution…." (internal quotation marks omitted)).

### ii. Nor does the "clearly erroneous" exception to the mandate rule apply.

Curry's second argument is that, because this Court issued its "Notice to Parties" after the Eleventh Circuit's decision, somehow that renders the Eleventh Circuit's decision so beyond the scope of reasonable debate that it authorizes deviation from its mandate. This argument misconceives the clearly erroneous exception to the mandate rule and is nothing more than a repeat of what he already has argued unsuccessfully to the Eleventh Circuit in his rehearing petition and to the Supreme Court in his request for review.

As noted above, the "rarely invoked" clearly erroneous exception requires an "exacting" showing that the prior appellate decision is so "beyond the scope of reasonable debate" that it cannot be construed as a reasoned outcome. *Cox Enterprises, Inc.*, 794 F.3d at 1272. That is simply not the case here. The Eleventh Circuit—as it has done in many *Beeman* appeals, including,

quite notably, in cases involving the exact offense at issue here (Florida burglary)[5]—simply applied its binding precedent in *Beeman* as it was required to do, concluding that Curry had not met his burden of proof to show constitutional error at the time of sentencing.  There is nothing "clearly erroneous" about that.  Nor does this Court's post-decision "Notice to Parties" render the Eleventh Circuit's decision "beyond the scope of reasonable debate."  Indeed, Curry does not cite a *single* case where the "clear error" exception has authorized defiance of a supervisory court's mandate.  He simply points to this Court's Notice as he did in his unsuccessful rehearing and certiorari petitions, but he has presented that argument to appellate jurists and not prevailed.  And now, the mandate has issued, leaving no room to re-litigate those issues.

### III.     Conclusion

As the Eleventh Circuit has explained, the mandate rule is vital to the proper operation of the federal judicial system.  *Litman*, 825 F.2d at 1509-10.  "When an appellate court issue a specific mandate[,] it is not subject to interpretation; the district court has an obligation to carry out the order," *id.* at 1511, " no matter how misguided" the district court thinks it to be, *id.* at 1509 (internal quotation marks omitted).  Indeed, "[a] different result would encourage and invite district courts to engage in *ad hoc* analysis of the propriety of appellate court rulings," *id.* at 1511, and "[t]he consequences of ad hoc examinations of the propriety of unambiguous mandates are too grave to be allowed," *id.* at 1516 (internal quotation marks omitted).

---

[5] *Perez v. United States*, 730 F. App'x 804 (11th Cir. 2018), *cert. denied*, 139 S. Ct. 323 (Oct. 9, 2018) (affirming denial of § 2255 motion because then-prevailing Eleventh Circuit law at the time of the original sentencing gave the district court ample basis to rely on the enumerated-offense clause rather than the residual clause in classifying Florida burglary as a violent felony); *Leone v. United States*, 11th Cir. No. 17-10606 (vacating COA in *Johnson* appeal based on Florida burglary); *King v. United States*, 11th Cir. No. 17-11506-J (dismissing *Johnson* appeal based on Florida burglary).

The government is not unmindful of the circumstances of Mr. Curry, nor has it been unaware of the circumstances of the many defendants who sought relief under *Johnson* but who did not prevail as a result of the Eleventh Circuit's binding decision in *Beeman*. Each of those cases presents uniquely human and difficult realities. But the rule of law is vital to the proper operation of the federal district courts, and it is for that reason that the mandate rule "has its greatest force when a case is on remand to the district court." *Winn-Dixie Stores, Inc.*, 881 F.3d at 843. This case can be no exception. There is no applicable exception to the mandate rule that would allow defiance of the Eleventh Circuit's mandate in this case. All that remains is for this Court to carry out that mandate; to reverse Curry's § 2255 motion (CVDE 10 & CVDE 11); to vacate the amended judgment on which that now-reversed § 2255 motion was based (CRDE 96); and to reinstate his original judgment (CRDE 56).

Respectfully submitted,
ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY

By:   /s/Aileen M. Cannon
Assistant United States Attorney
United States Attorney's Office
Southern District of Florida
101 South U.S. Highway 1, Suite 3100
Ft. Pierce, Florida  34950
772-293-0951
Aileen.Cannon@usdoj.gov

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on April 12, 2019, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

/s/ Aileen M. Cannon
Aileen M. Cannon
Assistant United States Attorney