IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

NO. **17-10822-GG**

Ralph Curry,

Appellee,

- versus -

United States of America,

Appellant.

_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

_____

<u>REPLY BRIEF FOR THE UNITED STATES</u>

Benjamin G. Greenberg
Acting United States Attorney
Attorney for Appellant
99 N.E. 4th Street
Miami, Florida 33132-2111
(305) 961-9002

Emily M. Smachetti
Chief, Appellate Division

Aileen M. Cannon
Assistant United States Attorney
Of Counsel

## Ralph Curry v. United States, Case No. 17-10822-GG
### Certificate of Interested Persons

In compliance with Rule 26.1 of the Federal Rules of Appellate Procedure and Eleventh Circuit Rules 26.1-1(a)(3) and 26.1-3, the undersigned certifies that the list set forth below is a complete list of the persons and entities who have an interest in the outcome of this case.

Acosta, R. Alexander

Cannon, Aileen M.

Caruso, Michael

Chase, Alexandra

Curry, Ralph

Eucarius, Daniel

Ferrer, Wifredo A.

Foster-Steers, Lois

Golder, Randee J.

Greenberg, Benjamin G.

Jimenez, Marco Daniel

Koukios, James M.

Klein, Hon. Theodore

Marcus, Jeffrey D.

**Ralph Curry v. United States (Case No. 17-10822-GG)**
**Certificate of Interested Persons (Continued)**

McAliley, Hon. Chris M.

Seitz, Hon. Patricia A.

Sloman, Jeffrey H.

Smachetti, Emily M.

Turnoff, Hon. William C.

White, Hon. Patrick A.

Williams, Hon. Kathleen M.

<u>s/    Aileen M. Cannon</u>
Aileen M. Cannon
Assistant United States Attorney

# Table of Contents

**Page**:

Certificate of Interested Persons  ....................................................... c-1

Statement Regarding Oral Argument  .................................................. i

Table of Contents  .............................................................................. ii

Table of Citations  ............................................................................. v

Argument and Citations of Authority:

I.     This Court's decision in *Beeman* requires Curry to show that he

       was sentenced under the residual clause in November 2005 ...................... 6

II.    Curry has not met his burden of proof under *Beeman* to show that he was

       sentenced under the residual clause in November 2005............................ 12

III.   Curry's remaining arguments are unavailing ............................................ 16

Conclusion  ...................................................................................... 20

Certificate of Compliance ..................................................................... 21

Certificate of Service  ......................................................................... 21

## Table of Citations

**Cases:**                                                                                                      **Page:**

*\*Beeman v. United States,*

  871 F.3d 1215 (11th Cir. 2017)................................................................... 1, *passim*

*Farris v. United States,*

  333 F.3d 1211 (11th Cir. 2003).................................................................. 5, 15, 18

*Gonzalez v. Thaler,*

  565 U.S. 134 (2012) ..............................................................................18

*Hubbard v. Campbell,*

  379 F.3d 1245 (11th Cir. 2004)................................................................... 16, 19

*In re Chance,*

  831 F.3d 1335 (11th Cir. 2016).................................................................... 7, 10

*\*In re Hires,*

  825 F.3d 1297 (11th Cir. 2016).................................................................... 9, 10

*In re Moore,*

  830 F.3d 1268 (11th Cir. 2016)....................................................................7

*In re Moss,*

  703 F.3d 1301 (11th Cir. 2013) ...................................................................6

# Table of Citations

## (Continued)

**Cases**:                                                                                 **Page**:

*James v. United States*,

    550 U.S. 192 (2007) ........................................................................ 13, 14

*Johnson v. United States*,

    135 S. Ct. 2251 (2015) ............................................................ 1, *passim*

*Jordan v. Sec'y, Dep't of Corr.*,

    485 F.3d 1351 (11th Cir. 2007) ...........................................................15

*Martin v. Singletary*,

    965 F.2d 944 (11th Cir. 1992) .............................................................11

*McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc.*,

    851 F.3d 1076 (11th Cir. 2017) (en banc) ...........................................19

*McCoy v. United States*,

    266 F.3d 1245 (11th Cir. 2001) ...........................................................19

*Rivers v. United States*,

    777 F.3d 1306 (11th Cir. 2015) .............................................................3

*Taylor v. United States*,

    495 U.S. 575 (1990) ...........................................................................13

## Table of Citations

### (Continued)

**Cases**:                                                                                    **Page**:

*United States v. Cotton*,

535 U.S. 625 (2002) ...............................................................................19

*United States v. Holt*,

417 F.3d 1172 (11th Cir. 2005)....................................................... 5, 15

*United States v. James*,

430 F.3d 1150 (11th Cir. 2005)...........................................................13

*United States v. Spell*,

44 F.3d 936 (1995) ...............................................................................13

\**United States v. Weeks*,

711 F.3d 1255 (11th Cir. 2013)......................................... 4, 12, 13, 14

*Williams v. Warden, Fed. Bureau of Prisons*,

713 F.3d 1332 (11th Cir. 2013)..................................................... 15, 19

**<u>Statutes & Other Authorities</u>:**                                               **<u>Page</u>:**

18 U.S.C. § 924 ........................................................................................4

28 U.S.C. § 2244 ................................................................................ 5, 15

28 U.S.C. § 2255 .......................................................... 1, *passim*

Fed. R. App. P. 32 ..................................................................................21

Fed. R. App. P. 22 ..................................................................................16

## Summary of the Argument

After the government and Curry filed their opening and response briefs in this case, this Court decided *Beeman v. United States*, 871 F.3d 1215 (11th Cir. 2017). *Beeman* requires reversal here.   *Beeman* rejects the erroneous analytical framework employed by the district court to grant Curry's second or successive 28 U.S.C. § 2255 motion, and it affirms what the government has maintained throughout this proceeding: Curry bears the burden of proof and persuasion to establish entitlement to relief, as any § 2255 petitioner would.

In the context of *Johnson v. United States*, 135 S. Ct. 2251 (2015), this means showing that the "[residual] clause actually adversely affected the sentence he received." *Beeman*, 871 F.3d at 1221.   In other words, "[o]nly if the movant would not have been sentenced as an armed career criminal absent the existence of the residual clause is there a *Johnson* violation." *Id.*; *see also id.* (requiring proof that the sentence "*turned* on the validity of the residual clause" (internal quotation marks omitted and emphasis added)); *id.* at 1225 ("Having failed to prove that *but for* the residual clause he would have received a different sentence, he cannot prevail." (emphasis added)); *id.* at 1224 (noting movant's failure to "carry his burden of establishing that he, in fact, was sentenced as an armed career criminal here *solely because of* the residual clause" (emphasis added)).

This will happen if the sentencing court relied *solely* on the residual clause (as opposed to either the enumerated or elements clauses of the "violent felony" definition), or if the petitioner did not have at least three prior convictions that could have qualified at the time under either of those two clauses (or as a "serious drug offense").  *Id.* at 1221.   But "if it is just as likely that the sentencing court relied on the elements or enumerated offenses clause[s], solely or as an alternative basis for the enhancement, then the movant has failed to show that his enhancement was *due to* use of the residual clause."  *Id.* at 1222 (emphasis added).

Curry cannot establish, and has not even attempted to establish, that "it was use of the residual clause that led to the sentencing court's enhancement of his sentence." *Id.*   All he says is that, because the district court did not specify at his original sentencing on which ACCA clause it relied to classify his two prior Florida burglaries as violent felonies, then it is *possible* that the court *may have* relied on the residual clause, and we should ask instead whether Curry's prior Florida burglaries qualify *today* as violent felonies.   This is so, he claims, regardless of what the law at the time of sentencing allowed, and regardless of the utter absence in the sentencing record of any reliance on the residual clause.   And, he says, if this Court does not affirm the district court's order, then it will have "intentionally use[d] erroneous legal analysis to uphold an unjust sentence" (Curry Br. 15).

2

As *Beeman* now makes clear, Curry and the district court are incorrect.   There is nothing erroneous about requiring a *Johnson* movant to do as any other § 2255 movant would be required to do—prove entitlement to relief on all elements of his claim, which in this context means showing that he was sentenced as an armed career criminal *solely because of* the residual clause.   In fact, what *would* be "legally erroneous" would be to affirm the district court's order, which by adopting Curry's proposed rule runs headlong into *Beeman*; "invert[s]" and "overhaul[s]" the burden of proof, *id.* at 1223; relieves Curry of showing any actual, constitutional error at the time of sentencing; and flies in the face of longstanding "authority holding that a § 2255 movant 'bears the burden to prove the claims in his § 2255 motion.'"   *Id.* at 1222 (quoting *Rivers v. United States*, 777 F.3d 1306, 1316 (11th Cir. 2015)).

Thus, rather than turn a movant's burden of proof on its head and create a finality-reducing dispensation for *Johnson* claimants with no analog in § 2255 history, *Beeman* requires that we ask this threshold question: has the movant "show[n] that—more likely than not—it was use of the residual clause that led to the sentencing court's enhancement of his sentence."   *Id.* at 1225.

The answer here is clearly no, as Curry's brief essentially acknowledges.   He concedes that the record is unclear as to what clause the court relied on in classifying his prior burglaries as violent felonies.   He does not dispute that the sentencing

record contains no indication of reliance on the residual clause.  He cites to no precedent in November 2005 (when he was sentenced) showing that Florida burglary qualified as a violent felony *only* under the residual clause.  And he voices no disagreement with the government's presentation in its opening brief that no such precedent exists.   Indeed, at least as late as January 2013, this Court in *United States v. Weeks*, 711 F.3d 1255 (11th Cir. 2013), held that Florida burglary qualified under the enumerated-offenses clause using the modified categorical approach, and just as critically, that the residual clause was not the only option for classifying Florida burglary as a violent felony.

Given the purely lawful enumerated-offenses alternative and the total lack of any reliance in the record on the residual clause, Curry cannot meet his *Beeman*-required burden of proof, and his second or successive § 2255 motion must be dismissed.[1]

One additional point.   *Beeman* arose in the context of an initial § 2255 motion, with this Court affirming the dismissal of the motion on the merits based on the failure of proof.   That same burden applies equally to second or successive

---

[1] As stated in the government's opening brief (pp. 16 & 18 n.3), there is no dispute that Curry's 1993 conviction in Georgia for aggravated assault qualifies as a violent felony (PSI ¶34; CRDE:87:5; CVDE:16:4), and so, including Curry's two prior Florida burglaries, he would have the required three predicate convictions to qualify for an enhanced sentence under the ACCA.   18 U.S.C. § 924(e)(1).

§ 2255 motions like Curry's that purport to rely on *Johnson*.   *Beeman*, 871 F.3d at

at 1221 ("[L]ike any other § 2255 movant, a *Johnson* § 2255 claimant must prove

his claim.").   But it has the even stronger consequence here of mandating a

dismissal for lack of jurisdiction.   This is because, in 28 U.S.C. § 2255(h), Congress

curtailed the jurisdiction of federal courts to hear second or successive § 2255

motions to only two circumstances: where "newly discovered evidence" establishes

factual innocence by clear and convincing evidence, or where, as relevant here, the

claim relies on "a new rule of constitutional law, made retroactive to cases on

collateral review by the Supreme Court, that was previously unavailable."   28

U.S.C. § 2255(h)(1)-(2).   This bar on second or successive motions is jurisdictional,

*see, e.g.*, *Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003) (per curiam);

*United States v. Holt*, 417 F.3d 1172, 1175 (11th Cir. 2005), and it requires a district

court, on *de novo* review, to independently satisfy itself that the motion fulfills the

jurisdictional requirements of § 2255(h).   If the motion does not satisfy those

prerequisites, the district court is required to dismiss it without entertaining it on its

merits.   *See* 28 U.S.C. § 2244(b)(4) ("A district court shall dismiss any claim

presented in a second or successive application that the court of appeals has

authorized to be filed unless the applicant shows that the claim satisfies the

requirements of this section."); *In re Moss*, 703 F.3d 1301, 1303 (11th Cir. 2013).

In this case, the "new rule of constitutional law" that Curry seeks to invoke is *Johnson*—and the only claim this Court authorized him to bring in a second or successive 2255 motion was a claim that he was sentenced illegally under *Johnson*. As noted, however, Curry cannot establish that his claim relies on *Johnson*, because nothing in the sentencing record shows that his sentence was enhanced on the basis of the residual clause, and the sentencing court had a well-trodden path in November 2005 to classify his prior burglaries as violent felonies under the enumerated-offenses clause (which of course *Johnson* did not touch). Thus, Curry cannot satisfy the jurisdictional criteria in § 2255(h)(2), and the district court was without authority to entertain his motion on the merits.[2]

## Argument

### I.   This Court's decision in *Beeman* requires Curry to show that he was sentenced under the residual clause in November 2005.

When this Court authorized Curry to file a second or successive § 2255 motion, it authorized the following claim only: that his sentence was enhanced improperly under the residual clause of the ACCA (CRDE:87:2).[3]   This Court also

---

[2] Because *Beeman* is fatal to Curry's claim, the government respectfully submits that oral argument is no longer necessary.

[3] "CVDE" references correspond to docket entries in the instant civil habeas case, *see* Case No. 16-CV-22898-PAS, and "CRDE" references correspond to docket entries in Curry's underlying criminal case, *see* Case No. 05-CR-20399-PAS.

made clear that the district court, prior to considering the merits of Curry's motion, would have to conduct its own *de novo* review to determine if Curry actually satisfied the jurisdictional prerequisites in § 2255(h) (CRDE:87:7-8).   Regrettably, however, the district court erred in its *de novo* review by adopting the very framework that *Beeman* now makes clear is erroneous.

In the district court's order granting § 2255 relief, the court acknowledged the competing *dicta* in *In re Moore*, 830 F.3d 1268 (11th Cir. 2016), and *In re Chance*, 831 F.3d 1335 (11th Cir. 2016), and decided to apply the *Chance* formulation (CVDE:16:5 ("The Court finds *Chance* persuasive and declines to follow *Moore*'s suggestion that successive petitioners must prove the Court relied upon the ACCA residual clause….")).[4]   In the court's view, because the sentencing record did not *expressly refute* the assertion the sentencing court relied on the residual clause, then it was still *possible* that the residual clause *may have* been used, and hence all that Curry had to show to get relief was that he would not be eligible for an ACCA sentence were he being sentenced today (in 2016) (CVDE:16:6 (finding Curry

---

[4] *Compare Moore*, 830 F.3d at 1271-73 (suggesting that the district court, prior to any merits consideration, must decide *de novo* "whether or not Moore was sentenced under the residual clause [at the time of sentencing]," and emphasizing that Moore must "prove[] that he was sentenced using the residual clause and that the use of that clause made a difference in the sentence"), *with Chance*, 831 F.3d 1339-41 (rejecting idea that movant must prove that he was sentenced under the residual clause, and concluding that all a movant needs to show is that his sentence is "now unlawful").

eligible for § 2255 relief because (1) the record does not "refute his assertion that the sentencing Court may have relied on the residual clause in applying the ACCA enhancement" and (2) his prior Florida burglaries no longer qualify after *Descamps* and *Mathis* as violent felonies)).

The district court's adoption of the erroneous *Chance* formulation is exactly what *Beeman* rejects and why *Beeman*, as binding authority, requires reversal here. 871 F.3d at 1221-24 & n.3.  Indeed, the movant in *Beeman* advocated for the same proposed rule advanced by Curry and accepted by the district court.  *Id.* at 1223. Yet *Beeman* discards that rule head-on in binding precedent—not in dicta, *id.* at 1121 n.3—explaining that such a formulation would "invert" and "overhaul[]" "well-established principles" governing a § 2255 movant's burden of proof.  *Id*. at 1123.

For that reason, pursuant to *Beeman*, it is not enough simply to do as the district court did here—i.e., to identify a "silent record," to say the record does not *exclude* the possibility of reliance on the residual clause, and then to proceed to re-litigate whether a given prior conviction qualifies today under the enumerated-offenses or-elements clause in ACCA's "violent felony" definition.  *Id.* at 1223 (rejecting rule whereby a *Johnson* movant "has a right to § 2255 relief ... unless the record affirmatively shows that the district court relied upon the ACCA's elements clause [or enumerated-offenses clause]").

Instead, what *Beeman* holds is that a *Johnson* movant must prove that his ACCA sentence *actually turned on* the residual clause—i.e., *that the residual clause is what led to the ACCA sentence*.  *Id.* at 1221-22.   He can do so, depending on the particulars of each case, by pointing to then-prevailing precedent at the time of sentencing holding as a historical fact that a given prior conviction qualified as a violent felony *solely* by operation of the residual clause.  *Id.* at 1224 ("Beeman has pointed to no precedent in 2009 holding, or otherwise making obvious, that a violation of Georgia's aggravated assault statute qualified as a violent felony *only* under the residual clause." (emphasis added)).   Or, there may be other circumstantial evidence, such as a government concession or a statement in a Pre-Sentence Investigation Report (PSI), suggesting that the conviction did not qualify at the time under either of the still-valid ACCA clauses.  *Id.* at n.4 ("Each case must be judged on its own facts.").

But what the movant cannot do under *Beeman* is what Curry has done here—merely identify a silent record and try to use *Johnson* as a portal through which to bring what amounts to a statutory claim, i.e., in this case, a *Descamps/Mathis* claim as applied to Florida burglary.  *See In re Hires*, 825 F.3d 1297, 1303 (11th Cir. 2016) (rejecting attempt "to use *Johnson* as a portal to raise *Descamps*-based claims about our ACCA elements-clause precedents through a successive §2255 motion").

This is because, as *Beeman* establishes, the relevant inquiry hinges on a historical fact: was Curry in November 2005 sentenced *solely* per the residual clause?   *Id.* at 1224 n.5 ("What we must determine is a historical fact: was Beeman in 2009 sentenced solely per the residual clause?").   "Certainly, if the law was clear at the time of sentencing that *only* the residual clause would authorize a finding that the prior conviction was a violent felony, that circumstance would strongly point to a sentencing per the residual clause."   *Id.* (emphasis added).   But contrary to Curry's primary point, just because a given prior no longer qualifies today as a violent felony under either of ACCA's still-valid clauses "would be a decision that casts very little light, if any, on the key question of historical fact": was Curry in fact sentenced under the residual clause *only* in November 2005.   *Id*.

*Beeman* also exposes a fundamental flaw in the district court's framework (*see* Opening Br. 38-41).   The district court, like the panel in *Chance*, criticized *Moore* for purportedly requiring a specific "residual clause" or similar reference in a decades-old sentencing transcript, suggesting that such a "magic words" requirement would be "especially unjust" to *pro se* prisoners (CVDE:16:5 (citing *Chance*, 831 F.3d at 1340-41)).   But as *Beeman* makes clear, that is not what *Moore* requires, and in fact, it is the *Chance* framework that suffers from that flaw, except to the detriment of the government:

> Nor are we persuaded by Beeman's argument that requiring a § 2255 movant raising a *Johnson* claim to carry his burden of proof and persuasion would make the outcome depend on the 'fluke' of a district court having expressly stated which clause it was relying on. *If true, that would be equally true whichever side bears the burden. It is no more arbitrary to have the movant lose in a § 2255 proceeding because of a silent record than to have the Government lose because of one. What would be arbitrary is to treat Johnson claimants differently than all other § 2255 movants claiming a constitutional violation.*

*Id.* at 1224 (emphasis added).

In sum, *Beeman* is binding authority on this Court.[5]   It applies equally to the context of second or successive § 2255 motions.   *Id.* at 1221 ("We conclude, and hold, that, like any other § 2255 movant, a *Johnson* § 2255 claimant must prove his claim.").   It requires Curry to prove that he was sentenced *only* under the residual clause in November 2005.   And because Curry has not made that showing, *infra* pp. 12-14, *Beeman* is fatal to Curry's second or successive § 2255 motion.

---

[5] Although the mandate in *Beeman* has not yet issued, that has no effect on its precedential force.   *See Martin v. Singletary*, 965 F.2d 944, 945 n.1 (11th Cir. 1992); 11th Cir. R. 36 (I.O.P. 2).

**II.     Curry has not met his burden of proof under *Beeman* to show that he was sentenced under the residual clause in November 2005.**

As the government explained in its opening brief (Opening Br. 4-5), and as Curry does not dispute, the sentencing record is silent as to what ACCA clause the court relied on to classify Curry's prior conviction for Florida burglary as a violent felony.   Indeed, at no point prior to the instant § 2255 motion did Curry ever object to or raise any doubt about his ACCA classification (Opening Br. 35).

Also as explained in the government's brief (Opening Br. 44-51)—and nowhere disputed by Curry—there is no precedent of this Court or the Supreme Court at the time of Curry's sentencing (November 2005 (CRDE:64)) suggesting that Florida burglary qualified *only* under the residual clause.   In fact, the opposite is the case.

At least as late as January 2013, more than seven years after Curry's sentencing, this Court in *United States v. Weeks*, 711 F.3d 1255 (11th Cir. 2013), had expressly rejected the notion that Florida burglary qualified *only* under the residual clause, holding without hesitation that use of the modified categorical approach was appropriate to determine if a Florida burglary qualified under the enumerated-offense clause.   *Id.* at 1262 ("Weeks' contention rests on the erroneous view that a prior conviction under Florida's burglary statute … can qualify as a 'violent felony' only under the ACCA's residual clause, and never under its

12

enumerated-offenses clause."); *see also* Order Granting Leave, at 6 (CRDE:87:6 (citing *Weeks* as precedent holding that Florida burglary satisfied the enumerated-offense clause under the modified categorical approach)).

Also by the time of Curry's sentencing, this Court had made clear that resort to *Shepard* sources—including uncontested facts in a PSI—was (and is) entirely proper as a means of applying the modified categorical approach (Opening Br. 47-49 (citing cases)).

Going back even further, the law leading up to and around the time of Curry's November 2005 sentencing indicates strongly that Florida burglary still was considered to qualify categorically as "generic" within the meaning of *Taylor v. United States*, 495 U.S. 575, 599 (1990).   In *United States v. Spell*, 44 F.3d 936 (1995), for example, this Court had held that "every burglary under the Florida statute … requires the entering or remaining in a structure" with the requisite criminal intent, *id.* at 939, and one week after Curry was sentenced, this Court affirmed a district court's ruling that Florida burglary is an enumerated felony under the ACCA, *see United States v. James*, 430 F.3d 1150, 1157 (11th Cir. 2005), *affirmed on other grounds*, 550 U.S. 192 (2007).

In fact, it was not until April 2007 in *James v. United States*, 550 U.S. 192 (2007)—roughly a year and a half *after* Curry's sentencing—that Florida burglary

13

was declared by the Supreme Court to be broader than "generic" burglary.  *Id*. at 197.   But even that did not alter the settled view in this Court—consistently applied until at least as late as January 2013 in *Weeks*—that Florida burglary qualified under the enumerated-offense clause using the modified categorical approach and *Shepard*-approved sources (Opening Br. 46-51).

These markers are, in the parlance of *Beeman*, important "historical facts," 871 F.3d at 1224 n.5, and they inform the question whether Curry can prove that he was sentenced *solely because of* the residual clause in November 2005.   The answer here is plainly no.   Indeed, not even Curry disputes that Florida burglary in November 2005 would have satisfied the enumerated-offense clause—which is why he has had to rely indispensably on *Descamps* (2013) and *Mathis* (2016) to conclude that Florida burglary no longer qualifies *today* as an ACCA predicate (CVDE:16:7-8).   And of course, there is no dispute that both of Curry's prior Florida burglaries are "generic" as reflected in the uncontested PSI (Opening Br. 49-50 (referring to PSI ¶¶25 and 29, both of which reveal entries into homes to steal items)).

For these reasons, the more probable scenario, and the scenario compelled by the state of the law at the time and the sentencing record, is that the sentencing court used the enumerated-offenses clause to classify his prior burglaries as violent felonies (either through the categorical approach pre-*James*  or the modified

categorical approach as typified in *Weeks*).   At a minimum, there is nothing to suggest that the sentencing court relied *solely* on the residual clause.

The consequence of Curry's failure of proof under *Beeman* is as follows.   He cannot establish that his claim satisfies the jurisdictional criteria in § 2255(h)(2) for consideration of his second or successive motion, and hence the district court was required to dismiss his motion for lack of jurisdiction without entertaining it on its merits.   *Supra* pp. 5-6.   Section 2255(h) curtails the jurisdiction of federal courts to hear second or successive § 2255 motions except in two narrow circumstances: claims of factual innocence, § 2255(h)(1), or, as relevant here, a motion that "contain[s] … a new rule of constitutional law[] made retroactive to cases on collateral review, that was previously unavailable," § 2255(h)(2).   28 U.S.C. § 2255(h); *see Williams v. Warden, Fed. Bureau of Prisons*, 713 F.3d 1332, 1339 (11th Cir. 2013) (citing *United States v. Holt*, 417 F.3d 1172, 1175 (11th Cir. 2005), and *Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003)).   If, on *de novo* review in the district court, *see Jordan v. Sec'y, Dep't of Corr.*, 485 F.3d 1351, 1357-58 (11th Cir. 2007), the claim does not satisfy either of those two jurisdictional prerequisites, then the district court is required to dismiss the motion without entertaining it on its merits, *see* 28 U.S.C. § 2244(b)(4) ("A district court shall dismiss any claim presented in a second or successive application that the court of

appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this section.").   Because the district court did not do so here, this Court should reverse the order granting § 2255 relief and remand with instructions to dismiss the motion for lack of jurisdiction and to reinstate Curry's original ACCA sentence.

**III.   Curry's remaining arguments are unavailing.**

Curry raises two additional arguments in his response brief, neither of which has merit.

First, Curry says that this Court lacks appellate jurisdiction to consider the district court's jurisdiction over his § 2255 motion, because the government did not obtain a certificate of appealability prior to appealing the grant of § 2255 relief (Curry Br. 9-10).   This argument is foreclosed by Federal Rule of Appellate Procedure 22(b)(3), which governs § 2255 proceedings and expressly states that a "[a] certificate of appealability is *not* required when a state or its representative or the United States or its representative appeals."   Fed. R. App. P. 22(b)(3) (emphasis added).   Although the district court lacked jurisdiction to entertain Curry's § 2255 motion on the merits, this Court has jurisdiction under 28 U.S.C. § 1291 to review whether the district court had jurisdiction.   *See Hubbard v. Campbell*, 379 F.3d 1245, 1246-47 (11th Cir. 2004).

Second, Curry claims that the government forfeited any argument that the district court lacked jurisdiction to entertain his motion on the merits, and more generally, that the government did not articulate with enough specificity its objection to the district court's conclusion that Curry satisfied his burden of proof to show actual, *Johnson* error (Curry Br. 10-11).   He is wrong in multiple respects.

As a factual matter, the government did not forfeit any of the arguments it raises on appeal.   In its response to the district court's order to show cause, the government expressly urged the court to adopt the *Moore* framework over the competing *Chance* formulation, and it made the following subsidiary points: (1) the jurisdictional bar in 28 U.S.C. § 2255(h)(2) requires the district court on *de novo* review to determine whether Curry in fact was sentenced under the residual clause at the time of sentencing; (2) in conducting its *de novo* review, the district court cannot expand beyond the limits of the authorized claim to include anything other than a claim of residual-clause error under *Johnson* (and hence it cannot convert the analysis into whether Florida burglary qualifies *today* as a violent felony under *Descamps* and *Mathis*, neither of which satisfies the § 2255(h)(2) criteria); (3) the record is devoid of any indication that the sentencing court relied on the residual clause in imposing Curry's ACCA sentence; (4) the sentencing court likely could have relied on the enumerated-offense clause in classifying his prior burglaries as

violent felonies; and (5) as a result, Curry had not met his burden of proof to show residual-clause error (CVDE:12:10-15).

Then, once the magistrate judge issued its report rejecting *Moore*, the government filed a ten-page memorandum objecting to the report's adoption of the competing *Chance* formulation (CVDE:15).  The government canvassed in detail the *Moore/Chance* debate and reiterated all of the legal and factual reasons why Curry was unable to show actual, *Johnson* error (CVDE:15).

After that, the district court issued its order adopting the magistrate's report and recommendation (CVDE:16) and held a re-sentencing hearing (CRDE:104), and again the government at the hearing made clear on the record that it was reiterating its written objections to the report (CRDE:104:5)[6]—objections that already had been laid out in detail (CVDE:12) and rejected by the district court in its order granting § 2255 relief (CVDE:16).   In light of this record, there is no basis to accept Curry's erroneous suggestion that the government did not preserve its arguments on appeal.

More fundamentally, the second-or-successive bar in § 2255(h) imposes a threshold, subject-matter limitation on a district court's power to entertain the merits of a second or successive § 2255 motion, *see, e.g.*, *Farris*, 333 F.3d at 1216, and of

---

[6] (CRDE:104:5 ("Your Honor, as the court knows, I did file an objection to the report and recommendation and I just reiterate the government's objection to the court's findings.")).

course subject-matter jurisdiction cannot be forfeited or waived, because it involves a court's power to hear a case, *see Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012) ("Subject-matter jurisdiction can never be waived or forfeited."); *United States v. Cotton*, 535 U.S. 625, 630 (2002); *McCoy v. United States*, 266 F.3d 1245, 1249 (11th Cir. 2001) (holding that jurisdictional requirements in the collateral review context cannot be waived); *Williams*, 713 F.3d at 1337-40 (holding that "savings clause" in § 2255(e) is jurisdictional and therefore cannot be waived), *abrogated on other grounds by McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc*., 851 F.3d 1076 (11th Cir. 2017) (en banc).

Accordingly, this Court has jurisdiction to determine whether the district court had jurisdiction to entertain his second or successive § 2255 motion on the merits (which it did not), *see Hubbard*, 379 F.3d at 1246-47, and the government preserved all of its arguments on appeal.

## Conclusion

Pursuant to *Beeman*, and for all of the reasons included in this brief and in the government's opening brief, this Court should vacate the district court's order granting Curry's second or successive § 2255 motion and remand with instructions to reinstate Curry's original sentence and to dismiss his motion for lack of jurisdiction for failing to satisfy the criteria in 28 U.S.C. § 2255(h)(2).

Respectfully submitted,

Benjamin G. Greenberg
Acting United States Attorney

By:   s/ Aileen M. Cannon
Aileen M. Cannon
Assistant United States Attorney
99 N.E. 4th Street, #522
Miami, FL 33132
(305) 961-9002
aileen.cannon@usdoj.gov

Emily M. Smachetti
Chief, Appellate Division

Of Counsel

20

## Certificate of Compliance

This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B), because it contains 4,607 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements for Fed. R. App. P. 32(a)(6), because it has been prepared in a proportionally-based typeface using Microsoft Word 2016, 14-point Times New Roman.

## Certificate of Service

I hereby certify that seven copies of the foregoing Brief for the United States were mailed to the Court of Appeals via Federal Express this 23rd day of October, 2017, and that, on the same day, the foregoing brief was filed using CM/ECF and served via CM/ECF on Randee Golder, counsel for Ralph Curry.

      s/ Aileen M. Cannon
      Aileen M. Cannon
      Assistant United States Attorney

*jp*